SEBRING, Justice.
This is an appeal from a final judgment in a condemnation proceeding.
Choctawhatchee Electric Cooperative, Inc., a cooperative corporation organized pursuant to the provisions of Chapter 425, Florida Statutes, F.S.A., filed its petition to condemn certain lands for a right-of-way through which to construct and operate power lines for transmission of' electric current to the general public. St. Joe' Paper Company, a corporation, the owner of the lands sought to be condemned, filed its answer contesting the condemnation proceedings on the grounds (1) that the Coop did not need a right-of-way as wide as that sought, (2) that the Coop should postpone the erection of its power line until the State Road Department could decide where a projected state road should be located in the area, so that the power line of the Coop might track the state road right-of-way, and (3) that a private corporation, namely, the Gulf Power Corporation, had “indicated its desire and willingness” to serve the area in question and thereby make power available there, and consequently “the taking of ,the lands * * * by the petitioner will be useless.”
The trial court held that these allegations of the answer were legally insufficient to raise an issue as to an abuse of discretion by the petitioner in determining the necessity for condemning the property, and, at final hearing, limited the defendant to the presentation of evidence on the value of the right-of-way and the consequent damage arising from its appropriation.
The question on the appeal is whether a defendant in a condemnation proceeding may question the necessity for taking private property for public use, in the absence of any allegation of fraud, bad faith, or abuse of discretion on the part of those determining such necessity.
We find no error in the judgment appealed from. It is the rule of this jurisdiction that in order to make a *762 justiciable issue as to the necessity for the exercise of the power of eminent domain, a contestant must allege “fraud, had faith or gross abuse of discretion” on the part of the condemning authority. Porter v. Columbia County, Fla., 75 So.2d 699; Inland Waterway Development Co. v. City of Jacksonville, Fla., 38 So.2d 676. The answer did not contain these allegations.
The judgment appealed from should be affirmed.
It is so ordered.
MATHEWS, C. J., and TERRELL, and ROBERTS, JJ., concur.