Mrs. Modesta **RIOS**, individually and on behalf of her minor children, Olga Rodriguez Rios, Isaias Rodriguez Rios, Juan Manuel Rios, Irene Rodriguez Rios, Rachel Rios, Plaintiffs,

v.

Burton G. **HACKNEY**, Commissioner of the State Department of Public Welfare; Will Bond, Chairman of the State Board of Public Welfare; W. Kendall Baker, Vice Chairman, Carl B. Flaxman, Secretary of the State Board of Public Welfare; individually and in their official capacities, Defendants.

Civ. A. No. 3–1852.

United States District Court
N. D. Texas,
Dallas Division.

Nov. 30, 1967.

Mabel Spellman Barber and Bernard Cohen, Dallas, Tex., for plaintiff.

Crawford C. Martin, Atty. Gen. of Texas, by Pat Bailey, Asst. Atty. Gen., Austin, Tex., for defendant.

## ORDER

TAYLOR, Chief Judge.

On November 10, 1967, this civil rights action for declaratory judgment, 28 U.S.C.A. § 2201, and injunctive relief, 42 U.S.C.A. § 1983, came on to be heard by this court.

Pursuant to a previous instruction by the court to the attorneys for both plaintiff and defendants, the court considered as evidence only those facts which were before the defendant Board of Public Welfare at the time it committed the act alleged in plaintiff's complaint, and which were made a part of the record in this cause by the pleadings of the parties.

Having examined the evidence apposite to the issue before it, and having heard the oral arguments of counsel relative thereto, this court finds that:

(1) The hearing examiner of the Texas Department of Public Welfare

conducted a hearing on plaintiffs' application for public welfare at which plaintiffs were in attendance;

(2) Plaintiffs were represented by counsel at such hearing;

(3) The issue presented at the hearing was whether the plaintiff, Modesta Rios, was or had been cohabiting with a man who was not the legal father of the minor plaintiffs, her children, which fact, if established, would have required that public welfare funds be withheld from plaintiffs under the "substitute father" regulation adopted by the defendant Board of Public Welfare;

(4) The only evidence before the examiner that plaintiff was cohabiting with a man as aforesaid was the written report of a public welfare caseworker in which it was related that several people had told the caseworker that plaintiff Modesta Rios was cohabiting with a man as aforesaid;

(5) Plaintiff Modesta Rios denied the truth of the contents of the caseworker's report;

(6) The persons who allegedly reported to the caseworker that plaintiff Modesta Rios was cohabiting with a man did not appear at the hearing and were not available for cross-examination by plaintiffs;

(7) The hearing examiner granted the plaintiffs the public welfare funds for which they had made application;

(8) The decision of the examiner was appealed by the defendant to an appellate board of the Texas Department of Public Welfare;

(9) Plaintiffs did not appear before said appellate board nor did their counsel;

(10) The appellate board reversed the order of the hearing examiner and denied plaintiffs the welfare funds on the basis of the "substitute father" regulation;

(11) The laws of the State of Texas do not provide for judicial redress of findings of the Board of Public Welfare.

 Therefore, this court concludes as a matter of law that:

(1) No evidence was adduced at the hearing conducted by the examiner upon which plaintiffs could reasonably be denied the relief sought therein;

(2) The action of the appellate board of the Texas Department of Public Welfare in denying plaintiffs the relief sought was arbitrary and capricious;

(3) The evidence contained in the caseworker's report could not in any manner be relied upon as a basis for denying the relief sought in the absence of the plaintiffs being given an opportunity to cross-examine the persons who made the statements contained in the report. Hornsby v. Allen, 5 Cir.1964, 326 F.2d 605.

*Accordingly,* it is the judgment of this court that for the reasons heretofore stated plaintiffs were denied due process of law and defendants are permanently enjoined from denying plaintiffs the relief sought on the basis of the record developed before the hearing examiner.

Defendants are further enjoined from denying plaintiffs the relief sought until such time as defendants comply with, and act in accordance with, the opinion of the court in Hornsby v. Allen, 5 Cir. 1964, 326 F.2d 605, and accord plaintiffs the rights therein enumerated.

Without determination by this court, and without prejudice to plaintiffs' rights to seek welfare benefits which may have accrued in the past, plaintiffs' prayer therefor is denied.