208 So.2d 853 (1968)
W.W. STAPLIN, Petitioner,
v.
The CANAL AUTHORITY of the State of Florida, a Body Corporate under the Laws of the State of Florida, Respondent.
No. J-371.
District Court of Appeal of Florida. First District.
April 9, 1968.
Rehearing Denied April 29, 1968.
*854 Phillip Goldman of Scott, McCarthy, Steel, Hector & Davis, Miami, and Milbrath & Walkup, Ocala, for petitioner.
Ralph E. Elliott, Jr., and C. Ray Greene, Jr., Jacksonville, for respondent.
Edward F. Boardman, U.S. Atty., and Gary B. Tullis, Asst. U.S. Atty., amicus curiae.
WIGGINTON, Chief Judge.
Petitioner seeks review by certiorari of a supplemental order of taking rendered in an eminent domain proceeding adjudging that respondent is entitled to acquire the fee simple interest in the bed of a proposed water reservoir, and in a strip or collar of land 300 feet wide contiguous to the proposed reservoir area. It is the holding of the trial court that respondent is entitled to acquire the fee simple title as distinguished from a permanent easement in the lands described in its petition which forms the crux of this review.
Respondent, hereinafter referred to as the Authority, is a body corporate organized and existing under the laws of Florida. It is authorized and empowered to acquire by condemnation rights-of-way of such lengths and widths as may be reasonably necessary for the proper construction and efficient operation, repair, and improvement of a canal across the peninsula of Florida, connecting the waters of the Atlantic Ocean with the waters of the Gulf of Mexico, together with such lateral and connecting branches as may be necessary or desirable.[1] Pursuant to this legislative authorization, the Authority instituted this action in eminent domain. By its petition it seeks to acquire the fee simple title to the bed of a specifically described water reservoir area, together with a collar of land 300 feet wide contiguous to the reservoir area. Upon the institution of the action the Authority filed a declaration of taking by which it declared the necessity for the immediate taking of the lands described in the petition for condemnation, and in which it stated its good faith estimate of the value of the fee *855 simple interest in the lands sought to be acquired.
Petitioner Staplin answered the Authority's petition for condemnation and declaration of taking in which he denied the necessity on the part of the Authority to acquire the fee simple title to the lands described in its petition, and alleged that the only estate necessarily required for the accomplishment of the purposes of the Authority was a perpetual easement. On the basis of the evidence adduced at the hearing on the Authority's motion for an order of taking, the trial court rendered its initial order in which it adjudged that the Authority was entitled to take and acquire only a perpetual right and easement in the water reservoir area and in the collar of land surrounding it for use in connection with the operation and maintenance of the canal project.
Approximately a year and a half later the Authority filed in the cause a motion for supplemental order of taking whereby it alleged that subsequent to the initial order of taking, the requirements of the Authority had been enlarged because of a communication received by it from the U.S. Corps of Engineers, Department of the Army, declaring that a fee simple estate rather than a perpetual easement was necessary in order to enable proper construction, maintenance and operation of the canal project and requesting that such interest be acquired. After hearing evidence adduced by the respective parties in support of and in opposition to the Authority's motion, a supplemental order of taking was rendered adjudging that the Authority was entitled to take and acquire the fee simple interest in the lands described in the petition, reserving to the owner of such lands the right of access to the water's edge of the water reservoir area from the owner's remaining lands, so long as such rights of access do not harm or interfere with the construction, operation and maintenance of the canal project.
Petitioner contends that the perpetual easement which the initial order of taking authorized the Authority to acquire in the water reservoir area and surrounding collar of land is amply sufficient to permit the proper construction, maintenance and operation of the canal project. Petitioner insists that the only reason the U.S. Corps of Engineers and the Authority later decided that the necessity had arisen to acquire fee simple title to the lands in question is to permit the development and use of such lands for recreational purposes. Petitioner urges that the Authority has no lawful power to acquire any lands, or interest therein, for recreational purposes, and therefore the supplemental order of taking permitting the acquisition of fee simple title to the lands for devotion to recreational purposes is unauthorized, void, and in excess of the trial court's jurisdiction to award.
The statute creating the Authority and setting forth its powers restricts its right to acquire lands to the single purpose of constructing, operating, repairing, and improving a cross-state canal and canal system. This does not include the power to acquire lands to be used primarily for recreational purposes. The record of testimony taken before the trial court on the motion for supplemental order of taking contains the frank statement of the Authority's manager to the effect that it caused its attorney to prepare and have introduced in the 1967 session of the Legislature a proposed act authorizing the Authority to acquire lands for recreational purposes. This court judicially notices[2] the official journals of both the House and Senate of the 1967 Florida Legislature which reveal that proposed acts were introduced seeking to confer upon the Authority the power to acquire lands for recreational purposes as testified to by the Authority's manager, which bills never received committee approval and were never enacted into law. Such action on the part of the Authority by which it sought to enlarge the purposes for *856 which it could acquire land strengthens the conviction and supports the determination that petitioner is correct in the position which he takes, and that the Authority is without power or authorization to acquire lands primarily for recreational purposes.
The parties appear to concede that the Authority is empowered to acquire fee simple title to lands for use in connection with the construction, maintenance, and operation of the cross-state canal if it is shown that the acquisition of such estate is reasonably required in order to permit the Authority to properly perform the functions delegated to it by the Legislature. Whether a fee simple title as distinguished from a permanent easement in the land sought to be acquired is necessary and whether the primary purpose of acquiring fee simple title is to permit the use and development of the lands for recreational purposes are fair subjects of judicial inquiry properly raised by the petitioner in this case.
It appears to be the established law of this state that a public body vested by law with the power of eminent domain is granted a broad discretion in the selection of the particular property to be acquired, as well as the amount and the estate or interest therein which is necessary in order to accommodate the public purpose sought to be served. In making this determination, the acquiring authority may not only consider present demands, but also those which may be reasonably anticipated in the future. The discretion exercised in the discharge of these functions will not generally be interfered with by the courts in the absence of some element of fraud, bad faith, or gross abuse.[3] It is equally well recognized, however that an acquiring authority will not be permitted to take a greater quantity of property, or a greater interest or estate therein, than is necessary to serve the particular public use for which the property is being acquired.[4]
At the hearing before the trial court on the Authority's motion for a supplemental order of taking, each party adduced testimony and evidence by qualified expert witnesses. The chief engineer of the U.S. Corps of Engineers, Department of the Army, was called by petitioner Staplin and closely interrogated as to the basis for the decision that fee simple title as distinguished from a permanent easement in the land was necessary in order to properly construct, repair, and maintain the canal project, and whether the decision to now require the acquisition of fee simple title was in order to permit the lands to be devoted to recreational purposes. We have carefully examined the evidence adduced at the hearing and find that it is reasonably susceptible of the conclusion that fee simple title to the land sought to be acquired is necessary in order to properly construct, repair, maintain and operate the canal, its locks, and connecting tributaries in a manner consistent with good engineering practices and the health, safety and welfare of those engaged in its operation as well as in its related but incidental use for water recreational purposes such as boating and fishing. We find no evidence in the record to sustain the conclusion that fee simple title to any of the lands involved herein is being acquired for the primary or dominant purpose of utilization or development for recreational purposes. We therefore conclude that the trial court was eminently correct in finding that petitioner had failed to establish that the discretion exercised by the Authority to acquire fee simple title to the lands involved herein was tainted by fraud or bad faith, or constituted a gross abuse of discretion.
We have given full consideration to the other points raised by petitioner concerning certain procedural aspects of the proceedings conducted by the trial court, but find that those not dealt with hereinabove are *857 without substantial merit. The writ is accordingly discharged and the petition dismissed.
CARROLL, DONALD K., and SPECTOR, JJ., concur.
NOTES
[1] F.S. §§ 374.051, 374.071, F.S.A.
[2] 13 Fla.Jur. 38, Evidence, § 24; English v. Bryant, (Fla. 1963) 152 So.2d 167.
[3] 12 Fla.Jur. 44, Eminent Domain, §§ 61, 62; Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488.
[4] Miller v. Florida Inland Navigation District, (Fla.App. 1961) 130 So.2d 615.