JOHNSON, Judge.
This is a petition for writ of certiorari to review an Order of Taking of certain property in Marion County, Florida for a borrow pit and haul road to be used in construction of a state road.
The owner of the property contested the right of the condemning authority to take a “fee simple title” instead of merely taking an easement for the borrow pit and haul road.
At the hearing on the petition for Order of Taking, the County as the condemning authority, filed in evidence certain resolutions adopted by both the State Road Department of Florida and the Board of County Commissioners of Marion County as the determination by the Department and the County of the needs for the purpose therein expressed. These resolutions authorized the County to acquire “by gift, purchase or condemnation the lands necessary for the right-of-way for the roadbed for said portion of said Section, together with any and all easements for drainage ditches and borrow pits that may hereafter be found and determined necessary in the construction and maintenance of said portion of said Section * *
*365 In the petition for condemnation and for an Order of Taking, the County alleges that it had found it necessary to the public’s best interest to acquire the fee simple title to said parcel.
The only evidence before the trial court as to the interest necessary to be acquired, appears to be the allegations in said petition. The resolutions do not require the fee.
At the hearing on the petition for Order of Taking, the owners, petitioners herein, in support of their contest as to right of the County to take a “fee” instead of an easement as to said parcels to be used as the borrow pit and haul road thereto, offered in evidence the testimony of an agent of the State Road Department to the effect that he had tried to get a borrow pit easement from the petitioners, along with an easement in the haul road thereto. Also offered was the easement attempted to be obtained. The respondent objected to said testimony and evidence, which was sustained, on the ground that compromise negotiations were inadmissible. The petitioners pointed out that this testimony and form of the easement were not to show a compromise on value but only to show that the Road Department in adopting its resolutions only intended and only needed an easement instead of a fee. It is at this point that we find the trial court was in error. The resolutions not calling for a fee, and no showing of necessity therefor for the particular purpose for which the condemnation was brought, we find and so hold that such evidence was admissible and should have been considered by the trial court in arriving at the estate to be taken.[1]
The resolutions authorizing the condemnation appear to us to call only for an easement as to this borrow pit and haul road.
Therefore, the petition for writ of certi-orari is granted and Order of Taking is quashed and said cause remanded to the trial court for further proceedings consistent with this opinion.
WIGGINTON, C. J., and SPECTOR, J. concur.

. Staplin v. Canal Authority, 208 So.2d 853 (Fla.App., 1968).