CARROLL, DONALD K., Acting Chief Judge.
The petitioner in condemnation proceedings has appealed from an order entered by the Circuit Court for Putnam County denying its motion for a supplemental order of taking.
The sole question presented for our determination in this appeal is whether the said court erred in refusing to enter a supplemental order of taking based upon a determination by the condemning authority that the fee simple title was necessary where the defendants did not show bad faith, fraud, illegality, or gross abuse of discretion.
The appellant, which is vested with the power of eminent domain under Chapters 73, 74, and 374, Florida Statutes, F.S.A., filed in the said court its petition in condemnation seeking fee simple title to certain lands owned by the appellees-defendants for use in the construction, operation, and maintenance of the Cross-Florida Barge Canal, connecting the waters of the Atlantic Ocean with the waters of the Gulf of Mexico. The petitioner also filed a declaration of taking. The court refused to enter an order of taking for the fee simple title but did, upon the agreement of the parties, enter an order awarding to the petitioner the following easement:
“The perpetual right and easement to enter upon, dig, cut away and permanently or intermittently overflow, flood, and submerge the lands described herein *194 in connection with the construction, operation and maintenance of the Cross Florida Barge Canal Project as now authorized by Congress or as may in the future be modified;
“Also, the right to regulate and maintain water levels as may be required for the impoundment and maintenance of the pools as a part of the navigable waters of the United States including full public rights of navigation;
“The right to regulate, prohibit withdrawal, and control use, introduction and/or removal of water;
“The right to dig, cut away and remove dredged or other materials and to deposit and/or stockpile dredged or other materials on any portion of said tract not cut away in connection with the construction or maintenance of said project;
“The continuing right to clear any and all parts of the lands described herein of any trees, bushes, vegetation, debris, structures, or any other obstructions and to dispose of, remove, or deposit thereon the materials cleared from said tract and to maintain the areas cleared;
“The right to plant and control vegetation;
“The right to spray insecticides and exercise other rights necessary for mosquito control;
“The right .to prevent the construction of or maintenance of structures for human habitation;
“The right to exercise any and all other rights not hereinabove enumerated for the preservation and maintenance of navigation.”
Subsequently, the petitioner filed in the proceedings a motion for a supplemental order of taking in which it alleges that the petitioner had received a letter from the United States Corp of Engineers, Department of the Army, declaring that the fee simple title, rather than a perpetual easement, was necessary for the construction, operation, and maintenance of the canal and requesting that a fee simple title be acquired. The petitioner introduced into evidence the said letter and also its resolution determining that the fee simple title was necessary for the construction, operation, and maintenance of the canal, but offered, in our opinion, insufficient, competent, substantial evidence of its need for a fee simple title. Following a hearing the trial court entered the order appealed from herein denying the petitioner’s said motion for a supplemental order of taking.
In its main and reply briefs filed in this appeal, the petitioner cites only one authority in support of its position on appeal—our decision in Staplin v. Canal Authority of the State of Florida, 208 So.2d 853 (Fla.App.1968). That decision, argues the petitioner, “disposes of this case.” The petitioner quotes the following from our said decision as in support of its position in the present appeal:
“It appears to be the established law of this state that a public body vested by law with the power of eminent domain is granted a broad discretion in the selection of the particular property to be acquired, as well as the amount and the estate or interest therein which is necessary in order to accommodate the public purpose sought to be served. In making this determination, the acquiring authority may not only consider present demands, but also those which may be reasonably anticipated in the future. The discretion exercised in the discharge of these functions will not generally be interfered with by the courts in the absence of some element of fraud, bad faith, or gross abuse.”
On the other hand, the appellees-defend-ants argue in their brief that, if the petitioner’s position is correct, there is no need for any judicial inquiry or hearing, or proof to be presented in eminent proceedings, and that, if the petitioner’s said posi *195 tion is correct, “the law would wreck the rights of landowners.”
The appellees also point out that Section 74.051, subdivision (1), Florida Statutes, F.S.A., specifically provides for a hearing on an order of taking to determine, among other things, whether the petitioner is properly exercising its delegated authority.
The Supreme Court of Florida in Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488 (1929), held that whether a petitioner is properly exercising its authority is a fair subject of judicial and landowner inquiry, and in Sibley v. Volusia County, 147 Fla. 256, 2 So.2d 578 (1941), held that the question whether any necessity exists for taking a particular property is a judicial question as to which the owner of such property is entitled to a hearing. The rule has long been settled in this state that the necessity of taking any land is jurisdictional, and that the owner has a right to be heard on this question. Spafford v. Brevard County, 92 Fla. 617, 110 So. 451 (1926). Finally, the power of eminent domain conferred by the sovereign by statute is among the harshest powers known to the law, and a strict construction should be given against a political unit or agency asserting such power as a delegate of the sovereign. Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483, 172 A.L.R. 168 (1947).
We recognize that, on a first reading of the above-quoted language from our opinion in the Staplin case, supra, the said language, taken out of context, appears to support the petitioner’s position in this appeal. In using that language, however, we did not intend to recede from or disregard the rules summarized in the preceding paragraph. Taking our quoted language in Staplin at face value, we note that we said that a public body vested with the power of eminent domain is granted a broad discretion in selecting the particular property or estate to be acquired, but we did not say that such discretion was absolute or that the courts could not review the exercise of such discretion. We said only that such discretion “will not generally be interfered with in absence of some element of fraud, bad faith, or gross abuse.”
Perhaps the most effective way to demonstrate the inapplicability of the language quoted by the appellant from our Staplin opinion is to quote the sentence immediately following that language, which sentence reads:
“It is equally well recognized, however that an acquiring authority will not be permitted to take a greater quantity of property, or a greater interest or estate therein, than is necessary to serve the particular public use for which the property is being acquired.”
This sentence places our decision in Stap-lin in better perspective, so far as its application to the case at bar is concerned, by pointing up the function of the courts in determining the estate or interest to be awarded, necessarily upon the basis of the evidence adduced by the parties on this subject.
In the Staplin case the Canal Authority presented competent, substantial evidence in support of its motion for a supplemental order of taking, as to its need for a fee simple title. We reviewed therein the said evidence and held that the evidence was sufficient to sustain the trial court’s conclusion that a fee simple title was needed, so we affirmed the order of the trial court, sitting as the trier of the facts, awarding a fee simple title. In the case at bar the petitioner presented no competent, substantial evidence that it needed a fee simple title, so there is no basis for finding that the trial court abused its discretion as the trier of the facts in failing to supplement the original order of taking by awarding a fee simple title to the petitioner.
For the foregoing reasons, as well as the usual rule that the order appealed from comes to us with the presumption of correctness, we cannot say that the trial court *196 abused its judicial discretion in entering the said order, so that order must be and it is
Affirmed.
SPECTOR, J., and PATTEN, Associate Judge, concur.