### DADE COUNTY v. MAULE INDUSTRIES, Inc.
No. 66-L-2704.

Circuit Court, Dade County.

July 31, 1970.

Howard Hadley, Chief Attorney, Department of Transportation, Tallahassee, for the petitioner.

Darrey A. Davis of Scott, McCarthy, Steel, Hector & Davis, Miami, for the defendant.

JOHN J. KEHOE, Circuit Judge.

*Order amending description of property:* This eminent domain proceeding came on regularly to be heard, after due notice, upon motion of the defendant for entry of an order amending the description of the property involved to delete land not needed nor utilized for a public purpose.

This motion presents the question of the necessity for taking a certain parcel of land consisting of approximately 5.22 acres. It is well settled that the exercise of the power of eminent domain to take private property is in every case limited to such property and so much property as is reasonably necessary for the particular public purpose; otherwise, due process is denied to the property owner. The property owner is accorded the right to raise and to be heard on the question of the necessity of the taking of the property involved. When the question is appropriately raised, it necessarily should be resolved in advance of the trial by jury of the issue of the amount of compensation to be awarded for the property taken. Spafford v. Brevard County, 92 Fla. 617, 110 So. 451; Wilton v. St. Johns County, 98 Fla. 26, 123 So. 572, 65 ALR 488; Miller v. Florida Inland Navigation District, Fla. App. 1961, 130 So.2d 615; Brest v. Jacksonville Expressway Authority, Fla. App. 1967, 194 So.2d 658; 20 ALR 3d 854, affirmed, Fla. 1967, 202 So.2d 748, 20 ALR 3d 860; Staplin v. Canal Authority, Fla. App. 1968, 208 So.2d 853; Canal Authority v. Miller, Fla. App. 1970, 230 So.2d 193; and Seadade Industries, Inc. v. Florida Power & Light Co., Fla. App. 1970, 232 So.2d 46.

This action was instituted by Dade County, for the use and benefit of the state road department (now the department of transportation of the state of Florida) for the purpose of acquiring property for the right of way of a section of the east-west expressway, described as parcel no. 166, section 87200-2503, state road no. 836. All of the property sought to be taken was owned by Maule Industries, Inc. No other person, firm or corporation had any claim or interest therein.

The condemnor exercised its statutory right under the provisions of chapter 74, Florida Statutes, to take immediate possession and title to said real property in advance of trial and final judgment.

The title to the lands described in the petition and summons in this eminent domain action became vested in the condemnor under and by virtue of the order of taking entered herein on July 22, 1966, subject to the constitutional obligation for payment of full compensation for the property taken.

The highway project for which said lands were taken has been fully completed. It appears that a portion of the property taken, consisting of approximately 5.22 acres of vacant land, was not needed in connection with said completed highway project nor useful to the department of transportation for any public purpose. The former owner, Maule Industries, Inc., has an immediate need for this surplus land and owns lands adjacent thereto.

Maule Industries, Inc. seeks to regain title to said surplus land by the elimination of the surplus land from this pending eminent domain action. Since Maule will be entitled to receive full compensation for the taking thereof as determined by a jury upon trial, the deletion of the surplus land from this action will operate to reduce proportionately the amount of compensation required to be paid by the department of transportation. Appropriate officials of the department of transportation have indicated there is no administrative objection to elimination of this surplus land from this pending action, provided the department receives reimbursement of $73,597.68 for the cost of fill material placed thereon and the conditions hereinafter set forth are complied with. Maule Industries, Inc. agrees to payment of said sum upon regaining title to said land and to the other conditions imposed by the department.

The elimination of said surplus property from this pending eminent domain action provides an equitable and practical method for accomplishing appropriate relief for the mutual benefit of the parties. Accordingly, the motion of Maule Industries, Inc. to amend the description of the real property involved in this pending eminent domain action by elimination of the parcel of land not needed nor utilized for construction of said highway project, and constituting surplus property, is hereby granted subject to the provisions of §74.071, Florida Statutes, and upon the terms and conditions hereinafter set forth. The court so finding and being duly advised in the premises, it is thereupon ordered and adjudged as follows —

The following described parcel of real property is deleted and eliminated from this pending eminent domain action, and the petition, summons, lis pendens, and order of taking herein are each

amended to exclude said real property, particularly described as follows — [legal description omitted]

The fee title to the above described real property is hereby vested in Maule Industries, Inc., a Florida corporation, free and clear of all right, title, interest, claim or demand of Dade County, a political subdivision of the state of Florida, and the department of transportation of the state of Florida, and all persons claiming under them, in the same manner as though said property had never been included in this eminent domain action. Maule Industries, Inc., its successors and assigns, shall have the right to utilize said real property for any lawful purpose, providing that Maule Industries, Inc., its successors and assigns shall not in anywise impair the existing drainage facilities and lateral support of the east-west expressway.

Maule Industries, Inc. shall deposit in the registry of this court the sum of $73,597.68 for the use and benefit of the department of transportation, state of Florida, as reimbursement of the cost of fill material placed upon the above described surplus land in connection with the construction of said highway project, and upon making said deposit Maule Industries, Inc. shall be entitled to immediate possession of said real property.

The clerk of this court is authorized and directed to execute the certificate of payment appended hereto upon receipt of the deposit of the sum of $73,597.68 from Maule Industries, Inc., and to disburse said sum upon request of the department of transportation, state of Florida, and the clerk is directed to record this order in the official records book of Dade County.

### Certificate of Payment

I, E. B. Leatherman, clerk of the circuit court of Dade County, do hereby certify that check of Maule Industries, Inc. in the sum of $73,597.68 has been this day received for deposit in the registry of the court in accordance with the foregoing order.

Dated this 31st day of July, 1970.

*Seal*                                  E. B. Leatherman, Clerk
                                        By *D. K. Bove*
                                        Deputy Clerk