243 So.2d 131 (1970)
The CANAL AUTHORITY of the State of Florida, a Body Corporate under the Laws of the State of Florida, Petitioner,
v.
J.T. MILLER, Jr., et al., Respondents.
The CANAL AUTHORITY of the State of Florida, a Body Corporate under the Laws of the State of Florida, Petitioner,
v.
C.S. HAYMAN et al., Respondents.
No. 39468.
Supreme Court of Florida.
December 16, 1970.
*132 Ralph E. Elliott, Jr., and Frank C. Decker, of Decker, Elliott & Kaler, Jacksonville, for petitioner.
J. Robert McClure, Jr., of McClure, Wigginton, McClure & Culpepper, Tallahassee and Joe C. Miller II, and Peter T. Miller, of Dowda, Miller, Hedstrom & Fields, Palatka, for respondents.
Myron G. Gibbons, of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for Southwest Florida Water Management Dist.
Howard Hadley, General Counsel and Geoffrey B. Dobson, Asst. Atty., for State of Florida Department of Transportation.
Shiro Kashiwa, Asst. Atty. Gen., S. Billingsley Hill, and Robert S. Lynch, Washington D.C., for the United States, amici curiae.
PER CURIAM.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, First District, 230 So.2d 193 (1970).
Petitioner, the Canal Authority of the State of Florida, was created under Fla. Stat. § 374 and is the sponsor for the federally constructed project known as the Cross Florida Barge Canal. As such, petitioner is vested with the power of eminent *133 domain and is required to secure land and land interests needed for the construction, maintenance and operation of the canal. It sought the fee simple title to the respondents' lands for the construction, operation and maintenance of the Canal. The trial court refused to enter an order of taking for the fee simple title but entered an order awarding the petitioner a broad and extensive easement in the property. Petitioner stipulated that only an easement was needed, but later filed motions for supplementary orders of taking seeking the fee simple title. At the hearing petitioner introduced into evidence its own resolution and a letter which petitioner had received from the U.S. Corps of Engineers, Department of the Army, declaring that the fee simple title was necessary for the construction of the canal and requesting that the fee simple title be acquired.
At the hearing on the motion for supplementary orders petitioner's witness from the Army Corps of Engineers, Mr. Fryer, testified to the "necessity" for a fee simple title. Mr. Fryer testified from a file in his possession in court, but refused to allow respondents' attorney to inspect the file. Respondent moved to strike Mr. Fryer's testimony, and the trial court deferred ruling until Mr. Fryer could obtain permission from his superiors to disclose the material in the file.
At the continued hearing Mr. Fryer announced that he could not allow inspection of the file, so the trial judge struck his testimony from the record.
The trial court then denied petitioner's motion for Supplementary Orders with leave to amend its motion.
Petitioner filed an appeal alleging error by the trial court in denying its motion for Supplementary Orders. It claims that in order to justify the denial of the motion the respondents had to show bad faith, fraud, illegality or gross abuse of discretion, none of which were shown in the present case.
A close analysis of the problem involved shows that the parties are not in disagreement regarding the correct law to be applied.
Although the parties are not in basic conflict regarding the applicable law, their briefs reflect the state of confusion surrounding this subject.
It is agreed that unless a condemning authority acts illegally, in bad faith, or abuses its discretion, its selection of land for condemnation will not be overruled by a court; a court is not authorized to substitute its judgment for that of a governmental body acting within the scope of its lawful authority. Catholic Burse Endowment Fund, Inc. v. State Road Dept., 180 So.2d 513 (2nd D.C.A.Fla. 1965). This includes both the amount and the location of land to be condemned. Inland Waterway Development Co. v. City of Jacksonville, 38 So.2d 676 (Fla. 1948). It is equally well recognized, however, that an acquiring authority will not be permitted to take a greater quantity of property, or greater interest or estate therein, than is necessary to serve the particular public use for which the property is being acquired. Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527 (1929); Staplin v. Canal Authority, 208 So.2d 853 (1st D.C.A.Fla. 1968).
In order to insure the property rights of the citizens of the state against abuse of the condemning authority's power it is imperative that the necessity for the exercise of the eminent domain power be ascertained and established. This is ultimately a judicial question to be decided in a court of competent jurisdiction. Wilton v. St. Johns County, supra; Spafford v. Brevard County, 92 Fla. 617, 110 So. 451 (Fla. 1926); Robertson v. Brooksville & I. Ry., 100 Fla. 195, 129 So. 582 (Fla. 1930).
As mentioned in Robertson, supra, the eminent domain power is limited by virtue of the statute itself (Fla. Stat. chaps. 73, 74, F.S.A.) to those properties which are necessary for the purpose in question. *134 Thus, proof of necessity is a condition precedent to the valid exercise of the power. It is not an affirmative defense to allege a lack of necessity.
Fla. Stat. § 73.021 (1969):
"Those having the right to exercise the power of eminent domain may file a petition therefore in the circuit court of the county wherein the property lies, which petition shall set forth:
"(1) * * * the property is necessary for that use;"
As this Court announced in Sibley v. Volusia County, 147 Fla. 302, 2 So.2d 578 (Fla. 1941) the word "necessity" should be construed to mean a reasonable and not an absolute necessity. Once such a reasonable necessity is shown, the exercise of the condemning authority's discretion should not be disturbed in the absence of bad faith or gross abuse of discretion. Catholic Burse Endowment Fund, Inc., supra; Wilton v. St. Johns County, supra; Sibley v. Volusia County, supra; Central Hanover Bank & Trust Co. v. Pan American Airways, 137 Fla. 808, 188 So. 820 (Fla. 1939); St. Joe Paper Co. v. Choctawhatchee Electric Cooperative, 79 So.2d 761 (Fla. 1955).
The question of "necessity" thus boils down to two separate and distinct phases. Initially the condemning authority is obligated by statute to show a reasonable necessity for the condemnation. Once this is shown the landowner must then either concede the existence of a necessity or be prepared to show bad faith or abuse of discretion as an affirmative defense. However, if the condemning authority never shows a reasonable necessity initially, then the petition under Fla. Stat. § 73.021, F.S.A., fails and the landowner has no need to come forward with affirmative defenses.
Both parties in the instant case apparently agree on the basic law involved here. They appear to disagree because they argue the facts and emphasize the two phases of "necessity" (discussed above) differently. Petitioner emphasizes the requirement for a showing of bad faith or abuse of discretion before disturbing the exercise of the Canal Authority's discretion, while respondent emphasizes the requirement for an initial showing of reasonable necessity by the Canal Authority.
The District Court decided the case on the basis of its determination that the Canal Authority "* * * offered, in our opinion, insufficient competent, substantial evidence of its need for a fee simple title." The adequacy of the evidence showing "necessity" is the core of the dispute here. The trial court and District Court found and respondent argues that the Canal Authority presented no competent, substantial evidence of a necessity. Petitioner challenges that finding.
When the trial court denied petitioner's motion for a Supplementary Order of taking the following had occurred: An easement was granted after the Canal Authority had stipulated that only an easement was necessary. Then the Army Corps of Engineers sent a letter requesting that the fee simple be obtained. The Canal Authority made its motion for a Supplementary Order of Taking. At the hearing on the motion Colonel Evans of the Canal Authority testified that the sole criteria for the motion was the letter from the Army Corps of Engineers. Mr. Fryer from the Army Corps of Engineers started to testify to the necessity for a fee simple, but his testimony was struck from the record when he refused to allow respondents to inspect the file from which he was testifying. The letter from the Corps of Engineers and the Canal Authority's resolution to seek the fee simple were admitted into evidence to show a basis for the Canal Authority's actions, but not as proof of necessity. The Canal Authority made no objection to this limited admission nor did it object to the exclusion of Mr. Fryer's testimony.
*135 The trial court granted respondent's motion to dismiss the motion for Supplementary Order with leave to petitioner to "come back in here" with testimony showing necessity. Rather than attempt any further testimony the Canal Authority filed its notice of appeal.
Petitioner argues that since no fraud or abuse of discretion is even alleged then the Canal Authority's discretion should not be disturbed. However, petitioner completely fails to negate the ruling that petitioner failed to carry its initial statutory burden of producing some evidence of necessity. All petitioner produced was a bare claim in its motion that there was a necessity. Beyond that claim it produced no evidence at all.
On pages 7-8 of its brief petitioner lists several reasons why the fee simple was necessary. Petitioner ignores the fact that these reasons were merely restating the reasons for acquiring the easement. Also, the quoted witness, Colonel Evans, clearly testified that the sole reason for seeking the fee simple was the letter from the Corps of Engineers.
Petitioner's whole case hung on its ability to produce some reasonable evidence of necessity beyond those reasons which were admitted to justify the easement. Mr. Fryer may have had such information, but his refusal to show his files stopped him from producing it.
Under these circumstances the trial judge was correct in denying the Motion for Supplementary Orders, and the District Court correctly affirmed.
Certiorari was granted in this cause when this Court detected a possible conflict between the opinion of the District Court in the present case and various earlier opinions of this Court. A careful review of the record reveals an absence of any real conflict. Therefore the writ should be discharged.
It is so ordered.
ERVIN, C.J., and ROBERTS, CARLTON, ADKINS and BOYD, JJ., concur.
THORNAL, J., heard the arguments, but died before this decision was rendered.