WIGGINTON, Judge.
Petitioner seeks review by certiorari of an order of taking rendered by the Circuit Court of Leon County in an eminent domain proceeding brought by the City of Tallahassee. It is contended that the trial court erred in holding that the City had established a necessity for the taking of an easement across petitioner’s lands and awarding such easement to the City pursuant to its motion for judgment on declaration of taking.
From the record it appears without dispute that the City of Tallahassee, acting through its duly elected commissioners, adopted a resolution finding the necessity for and authorizing the acquisition of a perpetual easement on and across certain described lands in Leon County for the purpose of constructing, operating, and maintaining an electric transmission line and necessary appurtenances thereto, the same to be an integral part of the total electric distribution system of the City. Included in the easements to be acquired are lands of petitioner.
Pursuant to the resolution adopted by it, the City instituted this action in eminent domain and shortly thereafter moved the court for judgment on declaration of taking. Petitioner filed his answer denying the necessity for taking an easement across his lands as alleged in the complaint and asserting that the property sought to be condemned is in excess of the amount required for the purpose stated and, therefore, does not represent an exercise of good faith but, on the contrary, constitutes an abuse of discretion. At the hearing on the City’s motion for judgment there was introduced in evidence the resolution of necessity adopted by the City which forms the foundation of the action; a survey of the parcel of land owned by petitioner; a map reflecting the easements to be acquired over which the City proposes to construct its electric transmission line; and the testimony of the City’s superintendent electrician, whose duties include the responsibility for transmission of electricity over the City’s electric distribution system. This witness testified in detail as to the manner in which the route of the electric transmission line to be acquired by eminent domain was formulated and designed by his department in collaboration with a firm of consulting engineers employed by the City. He testified that in his opinion and in the opinion of the consulting engineers the easements sought to be acquired over the route shown by the maps and plats in evidence, both as to width and location, were necessary in order to provide for the construction, maintenance and operation of an adequate electric distribution system capable of serving not only the present needs of the people within the service area of the City, but also the anticipated needs which will arise in the foreseeable future as a result of an expanding population and economy- developing within the city and county. This witness explained that although the present plans contemplate the construction and installation of a 115KV transmission line which could be accommodated on a 100-foot-wide easement, anticipated needs for *752 larger electric transmission lines in the reasonably near future will require the installation of a 230KV transmission line so as to tie in on the north with The Southern Company, an electric generation and transmission company operating in South Georgia, and with Florida Power Corporation, an electric generating and distribution company operating just south of the distribution system constructed and maintained by the City. All experts agree that to accommodate a 230KV transmission line, the 200-foot-wide easement sought to be acquired in this proceeding across the lands of petitioner and others is necessary.
It is petitioner’s position that the City should be confined to the acquisition of an easement not more than 100 feet wide over his lands because it presently intends to construct only a 115KV line requiring an easement of no greater width than that contended for. Petitioner insists that the City has no lawful authority or power to acquire a 200-foot-wide easement over his lands merely because it anticipates that an easement of such width will be necessary to serve future requirements. With these contentions we are unable to agree. As said by the trial court in commenting upon this position urged by petitioner, it would be a greater abuse of discretion on the part of the City to acquire only the narrower right-of-way to accommodate the smaller transmission line to be constructed at the present time since the known growth factors experienced in the past and the expansion of both the population and economy of the county which is reasonably anticipated to take place in the near future will require a wider easement in order to accommodate the larger transmission line to be constructed and installed at a later time. With this observation we are impelled to agree.
Petitioner is correct in his assertion that under the law of this state an acquiring authority will not be permitted to take a greater quantity of property, or a greater interest or estate therein, than is necessary to serve the particular public use for which the property is being acquired.[1]
However, as was held by this court in a prior review of another facet of the case sub judice:
“The law is well established in this state that a public body vested by law with the power of eminent domain possesses a broad discretion in determining the necessity for acquiring property needed in order to serve a public purpose. Decisions reached in the exercise of such discretion should not be disturbed in the absence of proof that the acquiring authority acted in bad faith or was guilty of oppression and a gross abuse of power. It has been held that the findings by a city on the question of necessity in an eminent domain proceeding may not be easily or casually overthrown by the courts, but strong and convincing evidence of the most conclusive character is required to upset the findings of the elected officials charged with responsibility in such matters.” [2]
From the record before us it affirmatively appears without dispute that the engineering experts employed by the City found it to be necessary that a perpetual easement, of the width and location over petitioner’s lands and the lands of others as shown by the right-of-way maps offered in evidence, be acquired in order to accommodate an electric transmission line which will adequately serve the needs of the City. The reasons supporting the conclusions of these experts appear prima facie to be well-founded and supportable by logic and common sense. The least that can be said of the evidence before the trial court on the issue of necessity is that the City amply proved a prima facie case supporting its right to acquire an easement over the *753 lands owned by petitioner, and no evidence to the contrary was adduced. We are unable to discern wherein the action of the City constituted an abuse of discretion or that the easement sought to be acquired is in excess of the City’s reasonable needs. The judgment appealed is accordingly affirmed, the writ heretofore issued is quashed and the petition dismissed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Canal Authority v. Miller, (Fla.1970) 243 So.2d 131; Staplin v. Canal Authority, (Fla.App.1968) 208 So.2d 853.

. Jones v. City of Tallahassee, (Fla.App.1972) 266 So.2d 382, 383, 384.