**CITY OF LAKELAND v. BUNCH, et al.**

No. 73-315-GC-G.

Circuit Court, Polk County.

September 26, 1973.

J. H. Roberts, Jr., Lakeland, for the petitioner.

Jan. L. King of Carver & King, Lakeland, for the defendants.

ROBERT G. STOKES, Circuit Judge.

*Order and final judgment:* This cause, having come before the court to be heard on the application of the petitioner, City of Lakeland, a municipal corporation, for an order of taking, and the petitioner having filed herein its petition for condemnation, declaration of taking, summons to show cause and notice of hearing, together with certified copies of its resolution authorizing condemnation (No. 1738), and its resolution providing for the utilization of Chapter 74 of the Florida Statutes to obtain an order of taking prior to entry of final judgment (No. 1768), and the defendant landowners, William O. Bunch, and his wife, Mary H. Bunch, owners of parcel no. 1, having made timely answer and objections to the entry of an order of taking, and the court having heard the argument of counsel for the petitioner and the defendants, and being otherwise fully advised in the premises, finds as follows —

The petitioner has acted pursuant to the authority of §§167.65 and 167.66, Florida Statutes, and in accord with the procedural requirements of §§73.021 and 73.031, and §§74.031 and 74.041.

By virtue of the fact that the initial pleadings and process served upon the defendant landowners pursuant to §§73.021 and 73.031 and §§74.031 and 74.041, include a summons to show cause why defendants' lands should not be taken from them by petitioner, the defendants come into the court with the burden of proof already shifted from the petitioning condemnor to the defendants, and the petitioner already clothed with the presumption of correctness, proper purpose, and necessity of taking. Wilton v. St. Johns County, 123 So. 527 (Fla. 1929); Rott v. City of Miami Beach, 94 So.2d 168 (Fla. 1957); Canal Authority v. Miller, 243 So.2d 131 (Fla. 1970); and Peavy-Wilson Lumber Co. v. Brevard County, 31 So.2d 483, 172 A.L.R. 168 (Fla. 1947); and F. S. §74.051 (1971).

Inasmuch as the case law of the Florida appellate courts clearly indicates that the city commission is an administrative body when acting in eminent domain matters (Wilson v. St. Johns County, supra), and that a presumption of validity of the condemnor's decision as to the necessity of taking is identical in the court to the presumption granted to the decisions of other administrative agencies of the government, then there must also be a requirement that

the decision-making process of the administrative body be such as to afford the procedural safeguards of minimal due process of law to those who stand to be forcibly divested of their private property.

For more than century, the meaning of procedural due process has been clearly that "parties whose rights are to be affected are entitled to be heard; and in order to enjoy that right, they must be notified." Fuentes v. Shevin, 92 S. Ct. 1983, 1984, 32 L.Ed.2d 556 (1972), quoting Baldwin v. Hale, 68 U. S. 223, 17 L.Ed 531 (1864). Absent procedural safeguards, there is a real and self-evident danger of an erroneous or groundless administrative decision which, unsupported by evidence, is arbitrary and hence, unconstitutional in an elemental sense. Interstate Commerce Commission v. Louisville & Nashville R. Co., 227 U. S. 88, 33 S. Ct. 185, 57 L.Ed. 431 (1913); Rios v. Hackey, 294 F. Supp. 885 (1967).

If the condemnor's decision to take land is going to enter the judicial arena cloaked with a presumption of validity, the most careful protections must be applied to the procedure which results in that decision. There is no way to test the truthfulness or desirability of an anonymous recommendation. Dissent in Jay v. Boyd, 351 U. S. 345, 76 S.Ct. 919, 100 L.Ed. 1242 (1956).

The minimal elements of the right to be heard in a contested administrative proceeding need little elaboration — the party is entitled to know the case against him, to present evidence in behalf of his point of view, to confront and question adverse witnesses, and to challenge the applicability of any rule or policy to his case. Willner v. Committee of Fitness, 373 U. S. 96, 105-106, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963). Above all, he is entitled to a decision based on the evidence presented. Office of Communication of United Church of Christ v. Federal Communications Commission, 359 F. 2d 994 (D. C. Cir. 1966).

In Goldberg v. Kelly, 397 U. S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), the Supreme Court of the United States held the due process clause of the 14th Amendment requires the state to afford an individual the procedural requirements demanded by "rudimentary due process" before terminating welfare benefits. These procedural requirements include notice, an opportunity to be heard, and a statement of the reasons for the administrative determination. In footnote 8 of the court's opinion it is stated —

> "It may be realistic today to regard welfare entitlements as more like 'property' than a 'gratuity'. Much of the existing wealth of this country takes the form of rights that do not fall within traditional common-law concepts of property." 90 S.Ct. at 1017 (1970).

Surely a person whose "traditional common-law property" is being taken against his will is entitled to at least those procedural rights and safeguards afforded the recipient of public assistance.

The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his property. In Florida, the decision-making power of the city commission in determining to take the landowner's property and to take it prior to final judgment, is made without the requirement of notice to or opportunity to be heard by the landowner. And once the city commission's determination is filed in the court, it is presumed to be correct and nothing concerning that decision-making procedure of the commission is even at issue in the court (except for a proof of fraud or bad faith in which the landowner bears the burden), since the only judicial issues raised in the court hearing according to §74.051 (1971) are — (1) jurisdiction of the court; (2) sufficiency of the pleadings; (3) whether the condemnor is properly exercising its authority; and (4) the amount of money the condemnor will have to deposit with the court.

In Fuentes v. Shevin, supra, the court held that —

"the purpose of the requirement [of notice and hearing in the decision-making procedure] is not only to assure fair play to the individual. Its purpose, more particularly, is to protect the use and possession of property from arbitrary encroachment—to minimize substantially unfair or mistaken deprivations of property...so viewed, the prohibition against the deprivation of property without due process of law reflects the high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his, free of governmental interference." Fuentes v. Shevin, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), quoting Lynch v. Household Finance, 92 S.Ct. 1113, 1122, 31 L.Ed. 2d 424 (1972).

It is therefore ordered and adjudged —

(1) Florida Statutes 73.021 and 73.031 and Florida Statutes 74.031 and 74.041 are unconstitutional in that they deny due process of law under the 14th Amendment to the United States Constitution and Article 1, Section 9 of the Florida Constitution (1968 rev.)

(2) Petitioner's resolutions nos. 1738 and 1768, which are promulgated under the said unconstitutional statutes, are null and void.

(3) The declaration of taking is quashed, and the petition for condemnation denied.

(4) Costs are taxed against the petitioner, and jurisdiction is retained for the purpose of awarding fees to the attorney for the defendant landowners herein.