PER CURIAM.
The appellant, who was the defendant below and is the director of the Division of Pari-Mutuel Wagering, appeals from a final declaratory judgment entered on stipulated facts which interpreted the parties’ respective rights under the now-repealed provisions of Chapters 75-42 and 75-46, Fla.Stat. (1975).
The judgment stated:
“The Plaintiff, TOURIST ATTRACTIONS, INC., filed its complaint for a declaratory judgment against the Director of the Division of Pari-Mutuel Wagering of Florida. The complaint alleges that in 1975, due to the dire financial emergency existing in horse and harness racing in Florida, it became necessary for the Legislature to afford to these tracks financial aid. Two companion bills were passed which increased the deduction from horse, harness, dog and jai-alai pari-mutuel pools to four-tenths of one percent, which was to be utilized to furnish funds to the horse and harness tracks as a relief from their daily operational expenses.
The Director of the Division of Pari-Mu-tuel Wagering refused to sanction the harness track’s deduction of $250,000 annually, as provided by Bill No. 75-46, Acts of 1975, which provides as follows: (Section 550.489, F.S.)
*437 ‘Harness horse racing; additional takeout permitted; restrictions. — In addition to the commission authorized by s. 550-37(5), a licensed Harness track operator may be permitted to withhold an additional four-tenths of one percent to be retained by the track at a rate of $1,500 per race per day, not to exceed a maximum of $250,000 in any one racing season, for use solely and exclusively for daily operational expenses of said track. The additional four-tenths of one percent shall be paid prior to any deduction permitted by s. 550.262(3) and shall be in addition to the sums mentioned therein during the term of this act. In no event shall any commission authorized by this section exceed the maximum commission as authorized by s. 550.162.’
The Plaintiff is the owner of a dog racing permit, but is licensed annually to conduct harness racing under said dog racing permit. This authority was granted by statute.
Bill No. 75-46, Acts of 1975 (550.489, F.S.), companion bill to 75-42 (550.162, F.S.), recognized the right of the Plaintiff to procure the benefit of Section 550.162, F.S., which granted to the Plaintiff a daily operational allowance of $170 per race for 105 days. (75-42)
Defending against the Plaintiff’s position, the Defendant contended that the Legislature had made an error in the enactment of Bill No. 75-46, and he averred:
‘There is an error in the numerical statutory reference made by F.S. 550.489 [Bill 75-46] in its last sentence to maximum commissions, and such numerical statutory reference, rather than reading ‘550.-162’, should read ‘550.16(2)’.’
This position of the Defendant is asserted in a counterclaim in which he asks the Court to declare that Section 550.489, F.S. (Bill No. 75-46) should read:
‘In no event shall any commission authorized by this section exceed the maximum commission as authorized by § 550.16(2).’
The Plaintiff seeks a declaration that it was entitled to the total annual allowance of $250,000, which it is clear the Legislature intended should be received by the harness track.
No real issue of fact exists. The Court is merely called on to determine whether the Legislature erroneously confused ‘Section 550.162’ with ‘Section 550.16(2)’.
The Legislature in 1977 enacted House Bill No. 2287. This bill was passed unanimously in the Senate and unanimously in the House. In this act the Legislature declared:

(House Bill 2287):

‘550. Legislative intent; harness horse tracks daily operational expense allowance. — It is hereby declared to be the intent of the Legislature that the expiration or repeal of Chapter 75-46, Laws of Florida, shall in no way alter or affect the right under said Chapter 75-46 of a harness horse racing permittee to receive the maximum daily operational expense as provided in ss. 550.162 and 550.489.’
This dispelled for all time what the Legislature’s intent was and establishes beyond conjecture that the Legislature made no error, and that it intended in Bill No. 75-46 for the Plaintiff-permittee to receive the maximum daily operational expenses as provided in Section 550.162 and in Section 550.489 (Bill No. 75-46).
It is true that the Governor vetoed House Bill 2287. However, the bill was merely an enunciation of the intention of the Legislature, and the veto does not operate to destroy the Legislature’s announcement of its intention. The Journals of the Legislature establish facts which would remain unaffected by any action which might be taken by the Chief Executive. Thus, in English versus Bryant, 152 So.2d 167 (Fla., 1963), the Journals of the Legislature were utilized to establish facts apart from an effective legislative enactment. See also Staplin versus Canal Authority, 208 So.2d 853 (DCA, 1st, 1968), in which the failure to enact legislation, as reflected by the Journals of the House and the Senate of the Florida Legislature, formed the basis for establishing legislative intent.
*438 The Defendant placed in evidence the veto message of the Governor. In this message, the Governor administratively construes Bill No. 75-46 (Section 550.489, F.S.) as entitling the Plaintiff to receive the one-quarter of a million dollars provided for the annual benefit of the Plaintiff. Thus the Governor says:
‘If I were to allow House Bill 2287 to become law, it would provide a continuing annual windfall of over a quarter of a million dollars at public expense.’
The Governor argues that it was not the intention of the Legislature to continue past 1977 the payments due the Plaintiff of $250,000 a year as relief funds. He reasons that the 1977 relief package for harness racing supplants the $250,000 granted the Plaintiff for the years 1975 and 1976 under Section 550.489, F.S.
This message of the Governor is totally inconsistent with the position taken by the Defendant, and his opinion would bear more weight than the opinion of the Director of the Division of Pari-Mutuel Wagering, a subordinate position in the executive branch of government.
The Court, therefore, finds that the Legislature intended to adopt Section 550.162, F.S. in Bill No. 75-46 (Section 550.489, F.S.) and not Section 550.16(2), F.S. It is, therefore,
CONSIDERED, ORDERED and ADJUDGED that the Plaintiff is entitled to withhold the funds allotted to it under Section 550.489, F.S., taken in conjunction with Section 550.162, F.S., and confirmed by House Bill 2287 and the Governor’s message. . . . ”
We conclude that this judgment fairly resolved the issues presented and correctly interpreted the legislative intent. Therefore, the judgment is
Affirmed.