DELL, Judge.
Appellants seek reversal of an Order of Taking which allows appellee, Florida Power & Light Company, to condemn a thirty foot strip of their property, located adjacent to Old Boynton Road in Palm Beach County.
Florida Power & Light Company, based upon the increasing use of electrical power by the growing population of Boynton Beach, determined that new transmission lines were necessary to properly service the community. The company, after considering such factors as cost, utility and aesthetics, decided that the best location for these lines would be adjacent to Old Boynton Road. Exercising legislatively delegated powers of eminent domain, Florida Power & Light petitioned the lower court for an easement to that portion of appellants’ property bordering Old Boynton Road to a width of thirty feet. Following hearings on the petition, the court granted the easement. Appellants do not contest appellee’s need to acquire a portion of their property in order to construct the transmission lines. Rather, appellants claim that the easement encompasses more land than Florida Power & Light actually needs to accomplish its purpose. We agree and reverse.
The issue presented to this Court is whether competent substantial evidence supports the decision of the trial court. Hillsborough County v. Sapp, 280 So.2d 443 (Fla.1973). Florida Power & Light admits that to construct its transmission lines a ten foot encroachment onto appellants’ property would suffice. However, the company contends that the extra twenty feet of appellants’ land will accommodate the county’s plan to widen Old Boynton Road.
Our Supreme Court has said that
[A]n acquiring authority will not be permitted to take a greater quantity of property or greater interest or estate therein, than is necessary to serve the particular public use for which the property is being acquired.
Canal Authority v. Miller, 243 So.2d 131 at 133 (Fla.1970). Nevertheless, a condemning authority may properly consider its future needs to establish the extent of a present taking. Carlor Company, Inc. v. City of Miami, 62 So.2d 897 (Fla.1953); Central and Southern Florida Flood Control District v. Wye River Farms, Inc., 297 So.2d 323 (Fla. 4th DCA 1974). However, no land may be condemned without first demonstrating the requisite necessity for such condemnation. Canal Authority v. Miller, supra. Appellee failed to establish this necessity.
Florida Power & Light produced no competent evidence of the county’s intention to widen Old Boynton Road. At the condemnation hearing the company referred to a letter from the county which indicated that the county maintained its option to widen the road if that should prove necessary. However, aside from the fact that this letter was not made part of the record, it certainly is not conclusive, or even indicative, of the county’s actual plans. Presumably, the county would widen any road within its jurisdiction should the need arise. The only other evidence offered on the county’s plans came from testimony of the company’s expert. However he relied purely upon his personal observations of the traffic flow along the road. Obviously, such testimony is not competent proof of the county’s road widening plans.
*215 We hold the evidence presented by Florida Power & Light insufficient to establish the necessity of taking the extra twenty foot corridor of appellants’ property. See, Knappen v. Division of Administration, 352 So.2d 885 (Fla. 2d DCA 1977), cert. denied, 364 So.2d 883 (Fla.1978). However, we do not exclude the possibility of Florida Power & Light attaining an easement to this corridor at such time when it can establish the county’s plans for Old Boynton Road to a greater certainty.
REVERSED.
GLICKSTEIN and HURLEY, JJ., concur.