652 So.2d 1261 (1995)
JFR INVESTMENT, Appellant,
v.
DELRAY BEACH COMMUNITY REDEVELOPMENT AGENCY, et al., Appellees.
No. 94-2217.
District Court of Appeal of Florida, Fourth District.
April 12, 1995.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and J. Wiley Hicks of Brigham, Moore, Gaylord, Schuster & Merlin, Miami, for appellant.
William P. Doney of Vance & Doney, P.A. West Palm Beach, for appellee-Delray Beach Community Redevelopment Agency.
PER CURIAM.
We affirm an order authorizing Appellee to take possession of Appellant's real property *1262 by eminent domain, pursuant to chapter 74, Florida Statutes.
In 1985, Delray Beach declared some 2,000 acres to be a slum or blighted area. The city council also declared a need to rehabilitate the area and set up a community redevelopment agency (CRA) for that purpose.
In 1993, the CRA determined that it was necessary to redevelop block 60 by taking several parcels in that block, including Appellant's. The CRA determined that redeveloping block 60 would "increase economic vitality to the area, eliminate blighted influences on adjoining property, [and] provide needed parking for the Tennis Center and Old School Square." The city council passed a resolution authorizing the CRA to acquire the property. The property will be used for off street parking and two historic homes will be relocated there. One of these homes will serve as the CRA headquarters and the other is expected to house the Palm Beach County Historic Preservation Board. A walkway through the block will link the Old School Square with municipal offices and other structures to the west. Included in the redevelopment area west of block 60 are the municipal tennis center, municipal community center, and City Hall. The parking facility planned in block 60 will serve as overflow parking for the tennis center and the community center and also provide parking for offices to be located in the relocated historic houses.
Old School Square is a renovated old school property which is to be used to house a museum, a conference/meeting center, offices, a gymnasium area suitable for use for trade shows, etc., several classrooms for teaching of the arts, and a theater. There will also be an outdoor amphitheater on the site. There is presently no off-street parking.
Initially, we conclude that the trial court did not err in holding that the city's action in establishing the redevelopment area is valid. The record supports the court's finding that there was sufficient evidence to support the resolutions establishing the CRA and that in doing so the city complied with all procedures required by law. See, e.g., Pepin v. Division of Bond Finance, 493 So.2d 1013 (Fla. 1986). The standard applicable to the trial court's review of the city council's action, in establishing the redevelopment area, is one of de novo review. The council, in making its decision to establish the 2,000 acre redevelopment area, following procedures authorized by state law, was essentially performing a legislative, rather than quasi-judicial function. Therefore, a "fairly debatable" standard applies to review of its action. Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla. 1993). The city council was acting as a legislative body in adopting policy regarding the subject portion of the city and was not making a determination regarding an individual parcel when it decided to designate the general area for redevelopment. Therefore, the trial court properly considered the substantial evidence presented to the court. The city's decision must be sustained unless clearly erroneous. Id.
The record also supports the trial court's conclusion that the CRA had sufficient evidence before it to establish a reasonable necessity for the taking of this specific property. Canal Authority v. Miller, 243 So.2d 131, 133 (Fla. 1970). Once a reasonable necessity is shown, the exercise of the condemning authority's discretion should not be disturbed, absent bad faith or gross abuse of discretion. Id. See also City of Jacksonville v. Griffin, 346 So.2d 988 (Fla. 1977); School Board of Broward County v. Viele, 459 So.2d 354 (Fla. 4th DCA 1984), rev. denied, 467 So.2d 1000 (Fla. 1985).
Appellant asserts, inter alia, that the projected future need for parking was based on anticipated private development, and that this amounts to condemnation of private property solely for the benefit of private interests, which is not permissible. In this regard, we have considered Baycol, Inc. v. Downtown Development Authority of City of Fort Lauderdale, 315 So.2d 451 (Fla. *1263 1975), and deem it inapposite. The Delray Beach project will end up with a combination public use, retail, office, and entertainment center that will need parking. Incidental private use of the land to be taken is permissible where the overall purpose of the taking is clearly and predominantly a public one. See Grubstein v. Urban Renewal Agency of Tampa, 115 So.2d 745 (Fla. 1959).
This record supports a conclusion that the parking spaces to be created on Appellant's land are primarily for the use of the CRA offices that will be housed in one of the historic houses, the Historical Society offices expected to occupy the other historic building, the theater that is part of the Old School Square project, overflow for the tennis center, the amphitheater, and special public events such as the Delray Affair, which serves about 100,000 people each year.
The record further shows that public facilities have already generated need for parking, and additional projected public developments will generate more. Government facilities are located throughout the area, and use of the proposed condemnation property as a parking lot, a site for the two historic buildings and a walkway connecting the government facilities to the east and west of this block will tie these areas together into a sort of government campus. Therefore, on this record, the potential private use of the parking may be considered only incidental.
Appellant also alleges that the real motivation of the city of Delray Beach is to move minority tenants out of the area. However, Appellant has failed to prove that either the CRA or the city had improper ulterior motives in its actions.
As to all other issues raised, we also find no error. Therefore, the order of taking is affirmed.
STONE, WARNER and FARMER, JJ., concur.