WIGGINTON, Judge.
Petitioners seek review by certiorari of an order of taking rendered in an eminent domain proceeding brought by respondent Canal Authority pursuant to the provisions of Chapters 73, 74, and 374, Florida Statutes, F.S.A.
T.he principal thrust of petitioners’ position is that respondent abused its discretion and acted in bad faith by abdicating its responsibility and relinquishing to the United States Corps of Engineers its discretion in determining the quantity and location of and the quantum of the estate to be taken in the lands sought to be acquired, as well as the need of the lands for canal purposes authorized by law. Peti *894 tioners contend that the order of taking here assaulted constitutes a departure from the essential requirements of law and will prejudice them throughout the remainder of this proceeding for which there will be no adequate remedy by appeal after final judgment. For the reasons alleged, we have in the exercise of our discretion agreed to entertain jurisdiction of this proceeding.[1]
We have carefully reviewed the record before us and find therein competent substantial evidence from which the trial court could reasonably have concluded that respondent’s action in the premises was not motivated by bad faith as contended. The evidence likewise supports the finding that the decision with respect to the location and quantity of petitioners’ lands to be acquired in this proceeding, as well as the quantum of the estate to be taken and the need therefor, was the independent determination of respondent as required by law.[2] This is so, even though respondent relied .heavily upon the judgment, advice and recommendations of the United States Corps of Engineers in making its determination. We agree with the trial court that in view of the dominant function being performed by the United States Corps of Engineers in the construction of the canal and water reservoirs forming integral parts of this project, such reliance by respondent upon the expertise of this governmental agency did not amount to a gross abuse of discretion or an abdication of authority and responsibility by respondent in the performance of its statutory duties.
By one of their points urged in support of the writ, petitioners assert that a twenty-six acre parcel of land owned by them is shown by the evidence to be intended for acquisition for recreational purposes only, a purpose which this court held in Staplin v. Canal Authority[3] to be unauthorized and beyond respondent’s statutory authority. In support of its position, petitioners refer us to one of the exhibits filed before the court at the hearing on the motion for order of taking, and to the testimony of one of the witnesses who appeared at the hearing. We have carefully examined the exhibit and testimony referred to, but fail to find where they support petitioners’ contention. On the contrary, the testimony to which our attention is directed is that of the manager of the Canal Authority who stated unequivocally that no portion of the land owned by petitioners and being acquired in this proceeding is intended to or will be used for recreational purposes. The testimony of three other witnesses who appeared at the hearing establish unequivocally that no part of the lands included in this suit will be used for recreational purposes, but that it is planned on some future date other lands will be acquired for such purpose, but by some agency of the United States and not the respondent herein.
If it can be said that there is any dis*-pute on this point, the dispute was resolved by the trial court in favor of respondent. If, however, it should develop from future proceedings in this cause that any part of petitioners’ land is in fact being acquired solely for recreational purposes, petitioners have ample recourse to have such lands excluded from this proceeding by appropriate application to the trial court.
We have considered the remaining points urged by petitioners, but find them to be without substantial merit.
The writ is discharged and the petition dismissed.
CARROLL, DONALD K., Acting C. J„ and RAWLS, J., concur.

. Couse v. Canal Authority (Ma.App.1967), 194 So.2d 301.

. F.S. Section 374.071, and Chapter 73, MS.A.

.Staplin v. Canal Authority (Ma.App.1968), 208 So.2d 853.