SPECTOR, Chief Judge.
Petitioner seeks a writ of certiorari to review an order of the trial court denying two motions addressed to the modification of an order of taking in a condemnation action to acquire a portion of the right of way for the Cross Florida Barge Canal.
The said motions were filed in the trial court subsequent to an earlier appearance of this case before this court. See Silver Springs, Inc. v. Canal Authority, 226 So.2d 893 (Fla.App.1969). One of said motions sought a reduction in the quantum of estate authorized to be taken from fee simple title to an easement, and the other motion sought to exclude certain portions of petitioner’s land subject to the order of taking because said portions were to be taken for recreational purposes as shown by newly discovered evidence. Both motions were denied by tbe trial court. At the time the court below rendered its decision on petitioner’s motions and, indeed, at the time our decision was rendered in this case on its earlier appearance before us, neither we nor the court below had the benefit of the later decisions of this court and the Supreme Court in Canal Authority v. Miller, 243 So.2d 131 (Fla.1970), and Canal Authority v. Litzel, 243 So.2d 135 (Fla.1970), and the principles elaborated therein with reference to the nature of the proofs necessary to establish necessity for a taking by the condemning authority. Although we dismissed the earlier certiorari proceeding seeking review of the lower court’s order allowing the respondent agency to take fee simple rather than an easement, we do not perceive that our denial of certiorari in any way constituted an overt affirmance of the trial court’s order in the sense that the same constitutes res judicata so as to preclude reconsideration of the issues temporarily settled by an interlocutory order. It is well established that a court of general jurisdiction can correct or vacate its own orders at any time before they become final. Danner v. Danner, 206 So.2d 650 (Fla.App.1968), and A-1 Truck Rentals, Inc. v. Vilberg, 222 So.2d 442 (Fla.App.1969).
On the basis of the foregoing authorities, it is our view that the trial court’s order by which it held that the principle of res judicata effectively precluded it from reexamining the quantum of estate question raised by petitioner’s motion of March 9, 1970, is contrary to law and the same is hereby quashed with instructions to reexamine the quantum of estate issue raised by petitioner’s motion below in light of such principles and decisions as may be applicable thereto.
The other motion made by petitioner which was likewise denied in the order reviewed herein related to the parcel apparently being taken for recreational purposes. In the earlier certiorari proceeding, the same question relating to the same parcel was raised by petitioners. Although relief was not forthcoming at that time, the court did state, at 226 So.2d 894 the following:
“By one of their points urged in support of the writ, petitioners [Silver Springs] assert that a twenty-six acre parcel of land owned by them is shown by the evidence to be intended for acquisition for recreational purposes only, a purpose which this court held in Staplin v. Canal Authority [Fla.App., 208 So.2d 853] to be unauthorized and beyond respondent’s statutory authority. * * *
“If it can be said that there is any dispute on this point, the dispute was resolved by the trial court in favor of respondent [Canal Authority], If, however, it should develop from future proceedings in this cause that any part of petitioners’ land is in fact being acquired solely for recreational purposes, petitioners have ample recourse to have such lands excluded from this proceeding by appropriate application to the trial court.”
*297 It was pursuant to the above language relating to further proceedings that petitioner made the December 30, 1969, motion seeking exclusion of the subject parcel on the recreational purpose ground. In support thereof, the petitioner tendered a map apparently prepared by the respondent, or agencies acting in concert therewith, indicating that the area sought to be excluded is designated on said map as a part of the Delks Bluff Recreational site and affidavits showing that the subject parcel is within the 520-acre parcel owned by petitioner that is being condemned. Another map contained in the record, apparently prepared by the Corps of Engineers, seems to corroborate this fact by clearly showing the area known as the boat basin just off and adjacent to State Road 40 to be within the petitioner’s property. Also submitted as an exhibit to the motion of March 9 discussed above was a letter from the Office of the Chief of Engineers, Department of Army, dated December 9, 1969, reflecting the intention of the government with respect to recreational use of the parcel sought to be excluded by petitioner, which letter states in material part the following:
“The recreation planning for the Cross Florida Barge Canal has been designed to complement and not compete with existing recreation development in the vicinity. The development of facilities at the access points will be under the control o'f the District Engineer, U. S. Army Engineer District, Jacksonville, Florida 32201. Only those facilities needed to meet the requirements of the general public for full use of the project will be provided and it is not intended to duplicate facilities which private enterprise is willing and able to provide on private land.
“The popularity of boating and related activities makes it imperative that marina facilities be provided for the general public at this location in order that the full recreation benefits of the project may be realized. Although the planning is still in the preliminary stages, it is anticipated that marina facilities will be constructed to replace two commercial establishments which have been displaced by the canal right-of-way.
“The concession operations at the access points will be widely advertised to all interested parties for bids and award of the lease contract will be made to the best qualified offeror. If Florida State Theatres, Inc. is interested in making an offer to provide the facilities required to satisfy the public needs, its name will be added to the list of prospective lessees upon request to the District Engineer.”
Petitioner’s motion to exclude was denied by the court on the basis that petitioner had failed to demonstrate that the subj ect recreational parcel was taken “ * * * solely for recreational purposes but instead said lands were taken primarily for the construction, operation and maintenance of the Eureka Pool reservoir.” Petitioner contends that the holding in this regard is contrary to the essential requirements of law. We agree. In Canal Authority v. Miller, supra, of which the trial court did not have the benefit inasmuch as that case was decided after the entry of the order herein being reviewed, the Supreme Court emphasized the need for the condemning authority to show “necessity” for taking and that “once this is shown the landowner must then either concede the existence of a necessity or be prepared to show bad faith or abuse of discretion as an affirmative defense”. (Page 134 of 243 So.2d)
In the case at bar, petitioner has certainly not conceded the existence of a necessity for" the taking and has come forward with affirmative defenses tending to show either an abuse of discretion or bad faith on the part of the condemning authority by the preliminary showing made in regard to the government’s intended use of the subject parcel as reflected by the excerpt of the letter from the Corps of Engineers quoted above. Petitioner argues vigorously, and correctly so, that the respondent when confronted by petitioner’s *298 challenge on the question of necessity has failed to adduce any proofs that the parcel will be required for excavation, deposit of spoil, or flooded in any way. It seems to us that in these circumstances it cannot be said that respondent has shown the parcel sought to be excluded to be necessary for the construction, maintenance or operation of the canal. We recognize, of course, that in a public project as extensive as the one here involved an incidental recreational use can be made of the lands taken where such lands are necessary to be taken for the project. In this case, the respondent has failed to demonstrate such necessity by “ * * * some evidence of necessity. All petitioner [respondent here] produced was a bare claim in its motion that there was a necessity. Beyond that claim it produced no evidence at all.” (Canal Authority v. Miller, supra, page 135.)
It seems quite clear that the primary use respondent intends to make of the parcel sought to be excluded by petitioner is to provide recreational facilities to the public which are similar in nature to those which petitioner is now and has for many years been providing by investing its own private capital. It seems somewhat paradoxical to us that there is such an abundance of investment capital in the federal treasury that we have reached the point where privately owned business facilities can be the subject of condemnation actions so as to enable the government to replace private industry. We perceive such a result to be in collision with the authority conferred on our government, state and federal, by organic law.
Accordingly, that portion of the order under review which denies petitioner’s motion to exclude the recreational parcel is quashed.
During the pendency of this matter before the court, petitioner filed a motion by which it sought leave to present evidence on the necessity for condemnation of its lands in view of the President’s statement of January 19, 1971, relating to further construction of the canal and a temporary restraining order filed by the United States District Court in and for the District of Columbia on January 27, 1971, in an action styled Environmental Defense Fund Incorporated et al. v. Corps of Engineers of United States Army et al., 324 F.Supp. 878, which order temporarily enjoined the defendants therein and persons acting in concert with them from, inter alia:
“1. Cutting, clearing, damaging, dredging, or activities otherwise affecting the timber and other natural habitat, waters, flora and fauna or having an adverse environmental impact in the project area upstream on the Oklawaha River from the Eureka Dam and Lock.
“2. Excavating any portion of the Cross-Florida Barge Canal east of the completed portion of the western segment of the canal, which is a point approximately two miles east of the Inglis Lock.”
The gist of petitioner’s motion is that the above measures have effectively eradicated the respondent’s authority to proceed with its right-of-way acquisition function under the statute since, allegedly, there is no further necessity to acquire the same in view of the two developments recited above. The Canal Authority’s response thereto is well taken. The developments relied on by petitioner lack that degree of finality which would justify a ruling on petitioner’s motion at this time. Accordingly, said motion is denied without prejudice to being renewed in the trial court at the appropriate time, it being understood that we now make no ruling as to whether petitioner would be entitled to the relief sought in the subject motion. That is a matter to be later decided.
RAWLS and JOHNSON, JJ., concur.