616 So.2d 111 (1993)
James William TEST and Betty Fay Test, Appellants,
v.
BROWARD COUNTY, Appellee.
No. 92-1159.
District Court of Appeal of Florida, Fourth District.
March 24, 1993.
*112 Curtis & Curtis, P.A., Fort Lauderdale, and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for appellants.
John S. Copelan, Jr., County Atty. and Arthur M. Simon of Blackwell & Walker, P.A., Miami, for appellee.
WARNER, Judge.
This is an appeal from an order of taking authorizing the condemnation of appellants' property in connection with expansion of the Fort Lauderdale-Hollywood International Airport in Broward County. Appellants claim that the county was not entitled to condemn property for an airport where the county has no specific need for the property and the county was singling out only residential property for condemnation. We find that a valid public purpose and necessity has been shown and affirm.
Appellee brought a condemnation action against appellants' residential property in furtherance of an ongoing program to expand and improve the Fort Lauderdale-Hollywood International Airport. The property is in a predominantly residential area located immediately west of the airport. While appellee is acquiring about four hundred parcels in the general vicinity, it is not seeking to acquire either of the two parcels directly adjacent to appellants' parcel. These parcels are presently being used for industrial or commercial applications.
At the hearing on the order of taking, the director of Planning and Development for the Broward County Aviation Department testified on the issue of necessity for the taking. He noted that the county had done required Federal studies to consider the adverse impact of increased noise levels, commercial traffic flow, safety, long term planning requirements, and the need *113 for airport related land uses in the area of the subject property. While he said that the county needed the property so it could have the option of turning it into an industrial use and for future expansion, he conceded that the immediate reason for acquiring this particular parcel and not the adjacent properties was that the county wanted to control the use of residential property in the area because of the noise problem. In two different hearings, the director testified that the County had conducted a "part 150" study, a requirement of the Federal Aviation Administration, and that the noise level at the appellants' property based upon that study was unacceptable. The witness admitted that according to the county's master plan, there was sufficient property for airport expansion until the year 2005, and he did not know to what airport purpose the property would be put or whether it would be returned to commercial use. When asked the county's purpose in acquiring this parcel, the county's attorney explained that the county did not want residents living in the area for their own safety as well as to maintain flexibility in continuing development of the surrounding property including the option of using it for support services, such as rental car lots. On the basis of the testimony presented the trial court entered an order of taking.
A trial court's order approving condemnation of private property for public use should not be disturbed on appeal when the taking is supported by good faith considerations of cost, safety, environmental protection and long-term planning. School Board of Broward County v. Viele, 459 So.2d 354 (Fla. 4th DCA 1984), pet. for rev. denied, 467 So.2d 1000 (Fla. 1985). The question is whether the petitioner came forward with evidence showing reasonable necessity for the taking. City of Jacksonville v. Griffin, 346 So.2d 988, 990 (Fla. 1977). Reasonable necessity should not be construed to mean absolute necessity. Canal Authority v. Miller, 243 So.2d 131, 134 (Fla. 1970). The condemning authority need not present evidence pinpointing the need for the specific property, rather it is sufficient to show that the taking is necessary for the accomplishment of an overall plan of development. City of Jacksonville, 346 So.2d at 990. Funds need not be on hand, nor do plans and specifications need be prepared for a condemnor to determine the necessity of a taking; in fact, it is the duty of public officials to look to the future and plan for the future. Id. at 991. Thus, there need not be an immediate need for the property sought to be taken. Carlor Co. v. City of Miami, 62 So.2d 897 (Fla. 1953), cert. denied, 346 U.S. 821, 74 S.Ct. 37, 98 L.Ed. 347 (1953).
The county has argued that future airport expansion satisfies the reasonable necessity test. Particularly based upon the expansive comments of the Supreme Court in Carlor regarding the necessity for future planning in Carlor, we might agree. Id. at 902. However, in this case appellant claims that such justification cannot be supported when the county condemns one parcel but does not condemn the adjacent parcels and admits to the different treatment because the subject property is residential. In fact, the county suggested that upon acquisition they may sell or lease the property to private interests, such as a car rental agency. Therefore, we would find it problematic to affirm this case based solely on the selective condemnation of this parcel.
We think that this disparity reveals that the real reason for the condemnation proceeding is indeed the acquisition of this parcel because of the adverse effect of the airport on residential use. In fact, the county offered to allow the appellants to keep their property if they only would agree not to use it as a residence. There was also considerable testimony that according to the studies conducted the noise level at this particular parcel reached unacceptable levels. In 1990 the legislature passed several amendments to the airport zoning laws. As amended, section 333.02, Florida Statutes (1990) provides:
(1) It is hereby found that an airport hazard endangers the lives and property of users of the airport and of occupants of land in its vicinity and also, if of the obstruction type, in effect reduces the *114 size of the area available for the taking off, maneuvering, or landing of aircraft, thus tending to destroy or impair the utility of the airport and the public investment therein. It is further found that certain activities and uses of land in the immediate vicinity of airports as enumerated in s. 333.03(2) are not compatible with normal airport operations, and may, if not regulated, also endanger the lives of the participants, adversely affect their health, or otherwise limit the accomplishment of normal activities. Accordingly, it is hereby declared:
(a) That the creation or establishment of an airport hazard and the incompatible use of land in airport vicinities are public nuisances and injury the community served by the airport in question;
(b) That it is therefore necessary in the interest of the public health, public safety, and general welfare that the creation or establishment of airport hazards are incompatible land uses be prevented; and
(c) That this should be accomplished, to the extent legally possible, by the exercise of the police power, without compensation.
(2) It is further declared that the limitation of land uses incompatible with normal airport operations, the prevention of the creation or establishment of airport hazards, and the elimination, removal, alteration, mitigation, or marking and lighting of existing airport hazards are public purposes for which political subdivisions may raise and expend public funds and acquire land or property interests therein, or air rights thereover.
One incompatible use defined in the statute is residential construction in areas exceeding "part 150" noise level requirements. § 333.03(2)(c), Fla. Stat. (1990). The testimony in these proceedings was that this parcel would meet the requirements of an "incompatible use" under the statute and this would establish a public purpose and necessity for the condemnation.
While this statute was not brought to the attention of the trial court, the county clearly told the court that it was condemning residential properties because they were not appropriate uses in the airport area. Thus, we believe that the threshold test of the statute was met. Where the legislature declares the removal of a particular use as serving a public purpose, a presumption arises as to its public use and courts should not interfere with such determination unless the use is clearly and manifestly of a private character. See Daniels v. State Road Department, 170 So.2d 846, 852 (Fla. 1964). Cf. also Department of Agriculture v. Mid-Florida Growers, 521 So.2d 101 (Fla. 1988) (a taking of private property for public purpose can consist of an entirely negative act, such as destruction.)
We therefore affirm the judgment of the trial court.
STONE and FARMER, JJ., concur.