622 So.2d 1029 (1993)
BROWARD COUNTY, Appellant,
v.
Roy C. ELLINGTON, et al., Appellees.
No. 91-1636.
District Court of Appeal of Florida, Fourth District.
July 21, 1993.
Rehearing Denied August 30, 1993.
*1030 John J. Copelan, Jr., County Atty., and Robert N. Sechen of Kubicki Draper Gallagher & McGrane, Fort Lauderdale, and Angela C. Flowers of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, for appellant.
Robert A. Ware, English, McCaughan & O'Bryan, P.A., Fort Lauderdale, for appellee.
DELL, Chief Judge.
Broward County appeals a final order denying its petition for condemnation of appellee Roy C. Ellington's property. We reverse.
Broward County employed Aviation Planning Associates, Inc. to forecast the future demand for aircraft operations at the Fort Lauderdale-Hollywood International Airport. According to the Aviation Planning study conducted in 1986, the number of passengers using the airport would increase from approximately 8 million in 1986 to almost 18 million by the year 2005. Air carrier operations were anticipated to more than double from 95,000 in 1986 to 210,000 by the year 2005. Aviation Planning also concluded the noise levels in the immediate area from overhead aircraft would worsen given the projected doubling of air carrier operations by the year 2005. Accordingly, Aviation Planning suggested additional land be acquired to meet the airport's needs and to minimize noise conflicts between the airport and the surrounding communities.
Broward County employed KPMG Peat Marwick to determine the extent of additional property necessary to accommodate the airport's anticipated growth. KPMG Peat Marwick recommended certain areas of Ravenswood, a predominantly residential area located west of the airport, should be acquired and redeveloped for various airport related commercial uses, such as rental car operations, employee parking facilities, long-term passenger parking facilities, airline in-flight services, etc. The Broward County Commission approved the studies recommending land acquisition as a remedial land-use and development control in areas west of the airport. Thereafter, appellant began acquiring property in the Ravenswood area. Appellee, whose property is located in Ravenswood, rejected appellant's *1031 offer to acquire his property for $106,000. Consequently, appellant initiated proceedings to condemn appellee's property.
Broward County Aviation Department's Director of Planning and Development testified at trial appellant sought to condemn all residential properties in the Ravenswood area with the intention of changing the zoning and selling or leasing these parcels to commercial users for airport related purposes. The Director also stated appellant could not achieve compatible land uses in the Ravenswood area by merely rezoning appellee's property for commercial use; rather, it was necessary to condemn appellee's property to guarantee the resulting commercial uses were airport related. He further testified it was necessary to condemn appellee's property to ensure incompatible residential uses would not be adjacent to commercial uses and to minimize noise disturbances to residential areas. Furthermore, he explained the immediate acquisition of appellee's property and other parcels was vital to ensure the orderly implementation of the entire airport expansion project. According to the Director, if appellee's property and others were not taken, then the entire scheme of development in this area would suffer because the presence of residential properties within the large commercial development would impair site planning and infrastructure development.
Broward County also presented evidence that Ravenswood had a noise level of 65 LDN (day-night sound level). Although under Federal Aviation Administration guidelines, the determination of acceptable and permissible land uses is determined by local governmental authorities, the Federal Aviation Administration guidelines do not recommend residential uses within areas having a level of 65-70 LDN. According to the Fort Lauderdale-Hollywood International Airport Master Plan Update Study, land uses in the area of 65 LDN have moderate exposure to noise and land use controls should be considered.
Appellee offered no objections to appellant's appraisal of his property, presented no witnesses to refute the testimony of the Director and presented no defense witnesses at trial.
The trial court denied appellant's motion for an order of taking finding (1) appellant had enough land within the present boundaries of the airport to serve its needs to the year 2005, (2) the taking of appellee's land was arbitrary and capricious and not for a public purpose or public function but rather to eventually be used for private benefit by either leasing or selling to private enterprises and (3) appellant sought to take private property for a predominately private use and failed to show a tangible benefit to the State or County in any foreseeable way. Appellant contends it presented substantial, competent evidence demonstrating a reasonable necessity for the taking. We agree.
Proof of necessity is a condition precedent to the valid exercise of the power of eminent domain. Canal Authority v. Miller, 243 So.2d 131 (Fla. 1970). However, only a reasonable necessity need be shown, not an absolute necessity. Id. at 134. In a condemnation action, the central issue is whether the petitioner has come forward with some evidence showing a reasonable necessity for the taking. See City of Jacksonville v. Griffin, 346 So.2d 988 (Fla. 1977). In Griffin, the supreme court stated:
[T]here is a two-tier model to be observed when determining whether a condemning authority has met its burden of proving reasonable necessity for the taking. In the first instance, the condemning authority is obliged to show a reasonable necessity for the condemnation. Once such a reasonable necessity is shown, the exercise of the condemning authority's discretion should not be disturbed in the absence of illegality, bad faith or gross abuse of discretion. Although it will not be presumed that a condemning authority abused its discretion or acted illegally or in bad faith in making its finding of reasonable necessity in a resolution of taking, such authority, in order to meet its burden, must put on some evidence of reasonable necessity for the taking. *1032 Once this is shown, however, the landowner must then either concede the existence of a necessity or be prepared to show bad faith or abuse of discretion as an affirmative defense.
Id. at 990 (citations omitted; emphasis in original). Moreover, a condemning authority satisfies its initial burden of proof concerning a reasonable necessity for condemnation by presenting evidence that it considered relevant factors, such as alternative sites, costs, long-range area planning, environmental and safety considerations, in making its decision. See Pasco County v. Franzel, 569 So.2d 877 (Fla. 2d DCA 1990). We find ample support in the record to determine that appellant proved reasonable necessity and that appellee did not show bad faith or abuse of discretion.
Additionally, this court has recently approved appellant's condemnation of residential properties in the Ravenswood area of the Fort Lauderdale-Hollywood International Airport. See Test v. Broward County, 616 So.2d 111 (Fla. 4th DCA 1993). In Test, residential property owners challenged Broward County's condemnation of their property based upon the grounds that the County had no specific need for their property and chose to selectively condemn residential but not commercial properties. We upheld the County's taking of residential property under section 332.02, Florida Statutes (Supp. 1990), which provides the limitation of land uses incompatible with airport operations constitutes a public purpose for which political subdivisions may expend public funds and acquire property. This court wrote:
While this statute was not brought to the attention of the trial court, the county clearly told the court that it was condemning residential properties because they were not appropriate uses in the airport area. Thus, we believe that the threshold test of the statute was met. Where the legislature declares the removal of a particular use as serving a public purpose, a presumption arises as to its public use and courts should not interfere with such determination unless the use is clearly and manifestly of a private character.
Id. at 114 (citations omitted). Similarly, we hold in this case there was substantial, competent evidence before the trial court to demonstrate the condemnation of appellee's property was reasonably necessary given the projected growth of the airport and appellant's expected future needs.
Accordingly, we reverse the trial court's order and remand with instructions to grant appellant's motion for an order of taking.
REVERSED AND REMANDED.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.