ANTOON, Judge.
In this breach of contract case, the primary issue is whether the trial court abused its discretion by allowing opinion testimony regarding the value of an annuity. We conclude that the trial court did not abuse its discretion in admitting this evidence, and affirm.
The appellee, Wallace M. Cichon, worked for Sears Roebuck and Company for thirty-eight years. Upon his retirement, Sears offered Mr. Cichon a lump sum distribution of $206,000 from his retirement account or, in the alternative, monthly payments of $1,929 for the remainder of his life. When presented with these options, Mr. Cichon, who was unsophisticated in the area of investments, consulted Christopher Miller, an account executive and vice president for the appellant, Dean Witter, Reynolds, Inc. (Dean Witter). Mr. Miller offered Mr. Cichon $2,029 per month for the remainder of his life if Mr. Cichon would invest the $206,000 with Dean Witter. Mr. Cichon accepted.
In 1989, the $206,000 in Mr. Cichon’s retirement account was delivered to Dean Witter. In order to yield the agreed upon amount of $2,029 per month, Dean Witter purchased two annuities on behalf of Mr. Cichon, a practice which Mr. Miller referred to as investing in a “split annuity.” Specifically, Dean Witter first purchased a five-year fixed annuity from Northbrook Insurance Company for $103,000. The annuity was to pay Mr. Cichon $2,029 per month for five years. With the remaining $103,000, Dean Witter purchased a deferred variable annuity from Nationwide Insurance Company which Mr. Cichon understood would pay him $2,029 per month for the remainder of his life. Dean Witter received $7,000 in commissions for the purchase of these annuities.
The Northbrook annuity paid Mr. Cichon the anticipated $2,029 per month until the five-year term expired in November of 1994. However, in October of 1994, Mr. Cichon learned that the Nationwide annuity would not pay the expected $2,029 per month. He demanded that Dean Witter honor its contract. When Dean Witter failed to comply with this demand, he sued for breach of contract. Following a jury trial, Mr. Cichon was awarded $115,000, plus prejudgment interest. Dean Witter appeals.
*315 During the trial, Mr. Ciehon offered the opinion testimony of Rex Catón regarding the value of an annuity which would earn Mr. Ciehon $2,029 per month for the remainder of his life. As a predicate for the admission of Mr. Caton’s opinion testimony, Mr. Ciehon presented evidence of Mr. Caton’s expertise. This evidence established that Mr. Catón is vice president of Catón Insurance Agency, a business engaged in the sale of annuities; a chartered life underwriter, the highest designation in the life insurance annuity business; and a certified insurance counselor. The evidence also established that Mr. Catón is licensed to sell annuities and has done so since 1986. He testified that he enrolls in twenty to thirty hours of continuing education each year in the area of insurance and annuities, has knowledge of the information needed to determine the market price of an annuity, and has experience in how to determine that market price. On cross-examination, Mr. Catón conceded that he did not have the knowledge to actually calculate the market price of an annuity, but instead, he had to rely on information from insurance companies in the annuities market in order to make that calculation. Over the objection of Dean Witter, the trial court allowed Mr. Catón to give the jury his expert opinion. No testimony was offered by Dean Witter refuting the market value given by Mr. Catón.
On appeal, Dean Witter contends that the trial court committed reversible error by admitting Mr. Caton’s opinion testimony because Mr. Catón lacked actuarial credentials, and therefore, was not qualified to calculate the market price of annuities.
Whether a witness is qualified to give an expert opinion is a question peculiarly within the realm of the trial court, and a trial court’s ruling in this regard should not be reversed on appeal in the absence of a clear abuse of discretion. See Rose v. State, 506 So.2d 467 (Fla. 1st DCA), rev. denied, 518 So.2d 1063 (Fla.1987). We are unable to conclude that the trial court abused its discretion in allowing Mr. Catón to testify.
Florida has adopted a generous standard for determining whether a witness is qualified to give expert opinion testimony. This standard is set forth in section 90.702, Florida Statutes (1995):
90.702 Testimony by experts.
If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion; however, the opinion is admissible only if it can be applied to evidence at trial.
In the instant case, the trial court determined that Mr. Catón could give his opinion regarding the value of an annuity because he possessed specialized knowledge, experience, training, and education in the area of annuities and thus, would be able to assist the jury in resolving the question of damages. Dean Witter’s arguments regarding Mr. Caton’s qualifications would have been more appropriately directed to the weight the jury should have given Mr. Ca-ton’s testimony. See Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978).
Dean Witter also contends that Mr. Caton’s opinion testimony was inadmissible because it was based entirely on the hearsay telephone quotes from insurance companies. Section 90.704, Florida Statutes (1995), permits an expert to rely on facts which have not been admitted in evidence and which would otherwise be inadmissible, so long as experts in the same field of expertise reasonably rely on those facts in forming their opinions. Mr. Catón explained that, as a part of his business, he would obtain relevant information from investors wishing to purchase annuities, such as the age and sex of the investor as well as the desired payout. He would then call a number of insurance companies and ascertain the respective costs from each. He used this methodology in forming his opinion in the instant ease. In this regard, Mr. Catón gathered the information regarding Mr. Cichon’s age and the payout frequency. He also considered tax ramifications and interest fluctuations from November of 1994 to January of 1996. He then contacted six different insurance companies to obtain quotes for an annuity for a 68-year-old male as of January of 1996. He *316 further considered changes in life expectancy and formulated an opinion as to the value of such an annuity as of November of 1994. As the trial court observed, the analysis performed by Mr. Catón was similar to the analysis routinely done by Dean Witter to price annuities for its customers. The mere fact that Mr. Catón relied on information provided by insurance companies in arriving at his opinion regarding the value of the annuity in question does not render his opinion inadmissible. See Thunderbird, Ltd. v. Great American Ins. Co., 566 So.2d 1296 (Fla. 1st DCA 1990).
AFFIRMED.
DAUKSCH, J„ concurs.
GRIFFIN, J., dissents, without opinion.