790 So.2d 501 (2001)
FLORIDA WATER SERVICES CORPORATION, Appellant,
v.
UTILITIES COMMISSION, Etc., Appellee.
No. 5D00-2275.
District Court of Appeal of Florida, Fifth District.
June 22, 2001.
Rehearing Denied August 2, 2001.
*502 Gordon H. Harris, Tracy A. Marshall and Bruce M. Harris of Gray, Harris & Robinson, P.A., Orlando, for Appellant.
Steven L. Brannock and Robert E.V. Kelley, Jr. of Holland & Knight LLP, Tampa, for Appellee.
ORFINGER, R. B., J.
Florida Water Services Corporation appeals a non-final order of taking entered in favor of the Utilities Commission, City of New Smyrna Beach, Florida, pursuant to the "quick take" procedure authorized by section 74.011, Florida Statutes (1999). Florida Water argues that the circuit court erred in entering the order of taking because (1) the Utilities Commission's estimate of value was not based on a valid appraisal as required by section 74.031, Florida Statutes (1999); (2) the Utilities Commission did not file an amended declaration of taking to reflect changes in its estimate of value; and (3) the Utilities Commission lacks the power to take by eminent domain an existing privately owned public utility already dedicated to a public use. We find no error and affirm.
The Sugar Mill Country Club subdivision, including its water and waste water system (the "system" or the "Sugar Mill system"), was outside the city limits of New Smyrna Beach until 1998 when the subdivision and its water and sewer system were annexed into the City of New Smyrna Beach. Because the Utilities Commission provided water and sewer services to all New Smyrna Beach residents with the exception of those in Sugar Mill, it determined that it would be in the best interest of the citizens of New Smyrna Beach and the residents of Sugar Mill to acquire the Sugar Mill system and thereby consolidate all water and sewer services into a single system. The Utilities Commission attempted to negotiate a voluntary purchase of the Sugar Mill system. When those negotiations failed, the Utilities Commission initiated eminent domain proceedings.
Chapter 74, Florida Statutes (1999) permits a taking authority to take possession of and title to condemned property in advance of final judgment if the taking authority complies with certain procedural requirements. One such procedural safeguard requires the taking authority to file a declaration of taking. § 74.031, Fla. Stat. (1999). The declaration of taking must *503 include a good faith estimate of value, which must be based on a valid appraisal of each parcel in the proceeding. Id.
In its declaration of taking, the Utilities Commission estimated the value of the system at $2,460,000.[1] The estimate of value was based on an appraisal prepared by Gerald Hartman. Hartman is a registered professional engineer specializing in water and waste water utilities, but he is not a licensed real estate appraiser. As part of his estimate of value, Hartman obtained an appraisal on the system's real property from two state certified real estate appraisers. The order of taking hearing began on February 4, 2000 and continued on February 10, 2000, April 25, 2000 and June 21, 2000. Hartman updated his initial appraisal to reflect an estimated value of $2,855,000 on February 3, 2000 and again on April 25, 2000 when he increased his estimate of value to $2,920,000. The Utilities Commission did not amend its declaration of taking to reflect the changes in Hartman's estimated value of the system.
On August 7, 2000, the circuit court entered an order of taking, allowing the Utilities Commission to take possession of and title to the system upon the deposit of $2,920,000 in the court registry. Florida Water now appeals the order of taking.
Florida Water first argues that Hartman's appraisal of the system is not a "valid appraisal" as required by section 74.031.[2] Specifically, Florida Water contends that section 74.031 requires the estimate of value to be based on an appraisal performed by an appraiser certified pursuant to part II of chapter 474, Florida Statutes.
The requirement that the taking authority's estimate of value be based on a "valid appraisal" was established by the enactment of section 74.031 in 1965 and has never been modified. See § 74.031, Fla. Stat. (2000); Ch. 65-369, § 4, at 1279-80, Laws of Fla. Part II of chapter 475, authorizing the certification and licensing of real estate appraisers, was created in 1991 and substantially revised in 1998. See Ch. 91-89, § 9 at 674-86, Laws of Fla.; Ch. 98-250 §§ 20-38 at 2209-20, Laws of Fla. We do not believe that when the Legislature wrote section 74.031, it intended to incorporate or refer to a statute that was not created until 26 years later. To the contrary, section 475.612(4), Florida Statutes (1999) addresses the admissibility of the expert testimony from appraisers who are not licensed, certified or registered and provides:
This section does not prevent any state court or administrative law judge from certifying as an expert witness in any legal or administrative proceeding an appraiser who is not certified, licensed, or registered; nor does it prevent any appraiser from testifying, with respect to the results of an appraisal.
An estimate of value is based on a valid appraisal if "the trial court had substantial, competent evidence presented to it at trial in order to properly base a decision." Cordones v. Brevard County, 781 So.2d 519, 523 (Fla. 5th DCA 2001). Whether a witness is qualified to give an expert opinion is a question best left to the discretion of the trial judge. A trial *504 court's ruling in this regard should not be disturbed on appeal in the absence of a clear abuse of discretion. Dean Witter Reynolds, Inc. v. Cichon, 692 So.2d 313, 315 (Fla. 5th DCA 1997).
The Utilities Commission was free to offer Hartman's testimony and Florida Water was free to introduce testimony from state certified appraisers, if it chose to do so. Florida Water's arguments regarding Hartman's qualifications are more appropriately directed to the weight the trial court should have given Hartman's testimony, not its admissibility. Considering Hartman's experience with other water and waste water systems, the trial judge did not abuse his discretion in allowing Hartman's testimony as to the value of the Sugar Mill system. We do not believe that the enactment of part II of Chapter 475, Florida Statutes, altered the requirements of a taking authority under section 74.031, Florida Statues, and we agree with the trial court that the Utilities Commission's estimate of value was based on a valid appraisal.
Florida Water next argues that the Utilities Commission was required to amend its declaration of taking to reflect the changes in its estimate of value. A property owner is entitled to a hearing to challenge any aspect of the declaration of taking, including the amount to be deposited in the court registry for the property. § 74.051, Fla. Stat. (1999). The value of condemned property is determined as of the date of the taking or the first day of trial, whichever occurs first. § 73.071(2), Fla. Stat. (1999); Dep't of Transp. v. Finkelstein, 629 So.2d 932, 933 (Fla. 4th DCA 1993), approved, 656 So.2d 921 (Fla.1995). Courts have required that a taking authority's estimate of value be relatively contemporaneous with the time of the taking. See, e. g., Culbertson v. State Rd. Dep't, 165 So.2d 255, 257 (Fla. 1st DCA 1964) (stating that appraisal made four months prior to taking was too remote to serve as competent basis for testimony regarding value at the date of taking).
To satisfy the requirement of a timely appraisal, the Utilities Commission updated its initial estimate of value in February, 2000 and April, 2000, just prior to the hearings before the trial court. Florida Water contends that the Utilities Commission was required to amend its declaration of taking to reflect the change in the estimated value of the property. We find no such requirement in the statutory or case law of this state.
As previously discussed, in a "quick take" proceeding, the condemning authority must file a declaration of taking that includes a good faith estimate of value based on a valid appraisal. § 74.031, Fla. Stat. (1999). Prior to taking possession of and title to the condemned property, the taking authority is required to make a deposit of sufficient funds with the court. § 74.061, Fla. Stat. (1999). The amount to be deposited in the court registry in a quick-take proceeding is determined by the trial judge. Bainbridge v. State Rd. Dep't, 139 So.2d 714, 716 (Fla. 1st DCA 1962). The amount to be deposited does not necessarily reflect the condemning authority's estimate of value or the values opined by appraisers who testify before the court.[3]Id. Rather, the amount of the deposit represents the trial court's judgment of the amount necessary to fully compensate the property owner based on the evidence presented, subject to a final determination by a jury at trial. See § 74.051(2), Fla. Stat. (1999); Fla. E. Coast Ry. Co. v. Broward County, 421 So.2d 681, 684 (Fla. 4th DCA 1982).
*505 The purpose of requiring the estimate of value and deposit of sufficient funds with the court is to allow condemnee use of the money while the taking authority has use of the land and the parties are awaiting a final determination of value. Jacksonville Expressway Auth. v. Bennett, 124 So.2d 307 (Fla. 1st DCA 1960), quashed on other grounds, 131 So.2d 740 (Fla.1961). Since the condemnee has the right to contest the taking authority's estimate of value prior to the transfer of title, and considering that the trial judge is not bound by the taking authority's estimate in deciding the amount to be deposited with the court, requiring a taking authority to formally amend its declaration of taking merely to reflect an updated estimate would be a rule without a reason. We are unwilling to adopt such a rule.
Finally, Florida Water argues that the prior public use doctrine prohibits the taking of an existing privately owned public utility already dedicated to a public use. Under the prior public use doctrine, "[t]he general rule is that property devoted to a public use cannot be taken and appropriated to another and different public use unless the legislative intent to so take has been manifested in express terms or by necessary implication." Fla. E. Coast Ry. Co. v. City of Miami, 321 So.2d 545, 547 (Fla.1975) (quoting Georgia S. & F. Ry. Co. v. State Rd. Dep't, 176 So.2d 111, 112 (Fla. 1st DCA 1965)). The Utilities Commission asserts that the prior public use doctrine does not apply because the system is not being taken for a different public use; rather, the property is to be used for the same public purpose. We agree. A similar argument was rejected in City of Palm Bay v. General Development Utilities, Inc., 201 So.2d 912 (Fla. 4th DCA 1967), wherein the court said:
[A] municipality may, under general statutory authority, take by eminent domain the property of a private corporation already devoted to a public use and devote it to a like purpose.
Id. at 917.[4] The prior public use doctrine does not apply in this situation because (1) the system is to be used for the same public purpose after the taking as it was before; and (2) a municipality's general statutory authority to condemn property is sufficient authority for the taking.
Although a specific grant of authority is not required to support the Utilities Commission's taking of the system, City of Palm Bay, 201 So.2d at 917, such authority exists in the Utilities Commission's enabling act. See Ch. 85-503, § 9 at 345, Laws of Fla. That special act authorizes the Utilities Commission to "acquire ... water production and distribution facilities and systems ... and sanitary sewer facilities and systems...." Ch. 85-805, § 9 at 345, Laws of Fla. The special act does not place any limits on the means by which the Utilities Commission may acquire such property. Thus, we conclude that the Legislature provided the Utilities Commission with express authority to condemn a water and sewer utility such as the Sugar Mill system, though no such specific authority is required for the reasons previously discussed.
Finding no error in the order of taking, we affirm the trial court's order.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] The appraisal of the system included the value of water wells; water treatment plants; transmission and distribution lines; waste water treatment plant; collection, lift and waste water transmission systems; the land upon which these assets are situated and other miscellaneous components that comprise the entire system.
[2] The statute does not define the term "valid appraisal."
[3] However, the amount of the deposit cannot be less than the condemning authority's estimate of value. § 74.051(2), Fla. Stat. (1999).
[4] City of Palm Bay contains an extensive discussion of the prior public use doctrine and the exceptions thereto. We agree with its reasoning and result.