OWEN, WILLIAM C., JR., Senior Judge.
Appellee, the School District of Palm Beach County (“District”), in exercising its power of eminent domain under section 1013.24, Florida Statutes (2002), obtained an order of quick take to the entire 24.88 acre tract owned by appellant, Rorabeck’s Plants And Produce, Inc. (“Rorabeck”), for use as an elementary school. On this non-final appeal from the order of taking, Ror-abeck argues that the trial court erred (1) in approving the District’s taking of the entire 24.88 acre tract when 2.5 acres thereof were “admittedly” for use by the county’s Sheriffs Department, and (2) in setting the amount of the District’s good faith deposit without including appellant’s estimated moving costs and compensation for existing site improvements. We affirm as to both issues.
Appellant’s argument on the first point goes thus: the power of eminent domain must be strictly construed against the agency asserting the power, City of Ocala v. Nye, 608 So.2d 15,17 (Fla.1992); under the doctrine of strict construction, the scope of a taking must be limited to the purposes for which the condemning authority is authorized to condemn, Silver Springs, Inc. v. Canal Auth., 252 So.2d 295 (Fla. 1st DCA 1971); the District is authorized to condemn property only for “public school purpose or use”; notwithstanding that limitation, it condemned the 2.5 acre parcel of appellant’s property for “law enforcement purposes”, i.e., for use as a police sub-station outparcel; therefore, the argument concludes, as a matter of law the court should have excluded the 2.5 acre parcel from the order of taking. We find this argument flawed because the conflicting evidence as to the District’s intended use of the 2.5 acre parcel (discussed below) presented a factual issue as to whether the District reasonably needed this parcel for school purposes. The trial court, in finding that the District had properly exercised its delegated authority, necessarily resolved that issue favorably to the District.
At the evidentiary hearing on the District’s petition, the District’s Real Estate Acquisitions Coordinator, Carol Dubinski, testified that the property would be used for a new elementary school needed to relieve a nearby, overcrowded school; that at least nine or ten other sites had been considered, but they either were not feasible options or were too small or not deep enough; that appellant’s property was a perfect site because it was 24.88 acres, which was within the range of the state educational specification for an elementary school; and that the entire 24.88 acres tract was needed for elementary school purposes, which included not only the building and facilities shown on the preliminary site plan, but also for such things as school expansion, portables and new programs implemented after the school was built. That evidence, although not uncon-tradicted, reasonably supports the trial court’s finding.
The most significant evidence favorable to appellant’s position was the District’s preliminary site plan (which it introduced into evidence) and the testimony of Ms. Dubinski in regard thereto. The prelimi *476 nary site plan for the 24.88 tract showed not only the school building’s proposed footprint together with the proposed location of athletic fields, driveways, parking lots, etc., but also, in the northwest comer of the 24.88 tract, a 2.5 acre parcel which had been designated with the caption “Police Sub-station Outparcel 2.5 Acres (Confirm Development)”. Ms. Dubinski testified that the District worked with the County in a joint effort so that the Sheriffs Office could maintain a presence on the campus but only for the school children’s safety and not for the public’s benefit. Although she testified on cross examination that the 2.5 acre parcel would be given to the county for a police sub-station, she subsequently stated (with some coaching from the District’s counsel) that the District was not intending to give the property to the county, that there was no agreement with the Sheriffs Office on using the property, and that the site plan had not been finalized. While there is other testimony, both supporting and contradicting that this 2.5 acre parcel was to be used for a police sub-station, there exists in the record sufficient evidence from which the trial court, as the trier of fact, could find as it did — that the District had met its burden of proving a reasonable necessity for condemning the entire 24.88 acre tract for public school purposes and use. See, Broward County v. Ellington, 622 So.2d 1029 (Fla. 4th DCA 1993); Dep’t of Transp. v. Barbara’s Creative Jewelry, Inc., 728 So.2d 240 (Fla. 4th DCA 1998).
Appellant contends, however, that the District’s intended use of the 2.5 acre parcel was established as a matter of law because the District is bound by its preliminary site plan admitted into evidence and, therefore, it may not disavow that the 2.5 acre parcel is intended to be used for a police sub-station. For this proposition it cites Trailer Ranch, Inc., v. City of Pompano Beach, 500 So.2d 503, 506 (Fla.1986); Belvedere Development Corp. v. Department of Transportation, 476 So.2d 649, 653 (Fla.1985); Central & Southern Flood Control District v. Wye River Farms, Inc., 297 So.2d 323 (Fla. 4th DCA 1974), and Bryant v. Division of Administration, State Department of Transportation, 355 So.2d 841, 842 (Fla. 1st DCA 1978).
We find appellant’s reliance on the above cited cases to be misplaced. Each of those cases involved a partial taking which resulted in a claim for severance damages. Though each arguably stands for the proposition that a condemning authority is estopped from claiming that the property will be utilized in a manner other than that shown by its plans and specification, that principle of eminent domain law must be understood in its proper context. That principle is limited to those situations where there is a partial taking resulting in a claim for severance damages. It is designed to prevent the condemning authority from making non-binding promissory assurances at trial that it would or would not do certain things in the future, where such representations are inconsistent with the construction plans and could lead a jury to base its assessment of severance damages upon those representations rather than that which the plans depicted. See Belvedere Dev., 476 So.2d at 653. Here, because the District is taking appellant’s entire tract of land, there is no basis for severance damages and, consequently, no basis to attribute to appellee’s plans the “binding effect” urged by appellant. The appellee’s preliminary site plan could certainly be considered by the trial court for its probative value on the issue of whether the District had shown a reasonable necessity for the parcel for school purposes; however, we reject the argument that, as a matter of law, the preliminary site plan was conclusive on that issue.
*477 Turning to Rorabeck’s second point, it contends the trial court erred in setting the amount of the District’s deposit without including estimated moving costs and compensation for site improvements, both of which, it argues, are elements of full compensation.
The amount to be deposited by the taking authority in a quick-take condemnation proceeding represents the trial court’s judgment of the amount necessary to fully compensate the property owner based on the evidence presented, subject to a final determination by a jury at trial. Fla. Water Servs. Corp. v. Utilities Comm’n, 790 So.2d 501, 504 (Fla. 5th DCA 2001), reh’g. denied. There was evidence to establish that the District made a good faith estimate of the fair market value of the property based upon its highest and best use, having obtained two appraisals of the fair market value of the site in 2001, and two more appraisals in May of 2002. Of those, $2,550,000.00 was the highest appraised value. The written appraisal by the District’s appraiser made no separate allowance for site improvements. However, as the appraiser explained, that was because he considered the property’s highest and best use to be vacant land for residential development and the incremental value of the improvements to the property was nominal, that is, they added nothing to the amount that a willing purchaser, seeking the land for its highest and best use, would offer. As to estimated moving costs, they are not a part of just compensation recoverable by a property owner when the entire parcel is taken by a public entity. State Road Dep’t v. Bramlett, 189 So.2d 481, 483-84 (Fla.1966).
The trial court findings — that the District’s estimate of value for the property was made in good faith and was based upon valid appraisals, and that the sum of $2,550,000.00, which the District was directed to deposit into the Court Registry, was equal to or greater than the estimated values of the property — are supported by the record and we see no reason to disturb them.
AFFIRMED.
WARNER, J., concurs.
GROSS, J., concurs specially with opinion.